This is an appeal from a jury verdict in favor of defendant, Alabama Power Company (APCO). The appeal is dismissed.
The timely filing of notice of appeal under Rule 4 (a)(1), ARAP is a jurisdictional act. Thompson v. Keith, Ala.,365 So.2d 971 (1978); Holmes v. Powell, Ala., 363 So.2d 760 (1978). Unless the notice is filed within the applicable period of Rule 4, ARAP we are foreclosed from reaching the merits of the case. The facts surrounding the appellee's motion to dismiss this appeal do require inspection however. Those dates that are pertinent to our discussion follow:
March 28, 1978 — Final Judgment.
 April 25, 1978 — Appellant files Rule 50 and/or 59 post-trial motion.
 May 1, 1978 — Motion(s) set for hearing on May 9, 1978.
 May 9, 1978 — General continuance of hearing granted by trial court.
 June 21, 1978 — Trial court sets hearing on post-trial motion(s) for August 9, 1978.
 July 24, 1978 — Expiration of 90 day period under Rule 59.1, ARCP.
August 9, 1978 — Court denies the motion(s).
September 4, 1978 — Expiration of 42 day period under Rule 4, ARAP.
September 20, 1978 — Notice of appeal filed.
Rule 4 (a)(1), ARAP provides that the notice of appeal shall be filed within 42 days of the entry of the judgment or order appealed from. The running of this time period may be suspended however by the timely filing of a post-trial motion pursuant to Rules 50, 52 and 59, ARCP. It is undisputed in this case that the motion, or motions, of April 25, 1978 were timely and thus tolled the running of the 42 day period. The dispute in this case centers on the point in time at which the 42 day period once again began to run.
Rule 4 (a)(3), ARAP instructs that the 42 day period once suspended by the timely filing of a post-trial motion will begin to run again from the date that motion is granted, or denied by the court or operation of law. A post-trial motion is denied by operation of law when it is left pending in the trial court for more than 90 days without the express consent of all parties, which must be reflected by the record unless extended by the appellate court. Rule 59.1, ARCP. If the parties here had expressly consented on record to the pendency of the post-trial motion(s) for more than 90 days then the notice of appeal was timely, having been filed within 42 days of the August 9, 1978 denial of the motions. If, however, the record does not reflect the express consent of the parties to a longer period of pendency then the notice of appeal was not timely because it was filed more than 42 days from the date on which the motion(s) were deemed denied under Rule 59.1, ARCP.Thompson v. Keith, supra; Bd. of Water Sewer Comm'rs. of theCity of Mobile v. APCO, Ala., 363 So.2d 304 (1978). After a review of the parties' contentions and of the record we are compelled to hold that the latter situation exists in this case. This follows despite the appellant's contention that the agreement of the parties to a continuance of the hearing on the motion(s) reflected in the court's May 9, 1978 order, constitutes "express agreement" under Rule 59.1, ARCP. The consent or assent to a continuance of a hearing does *Page 21 
not satisfy the requirement that the record show the parties'express consent to an extension of the 90-day period. Such an argument was disposed of in Personnel Board for Mobile Countyv. Bronstein, Ala.Civ.App., 354 So.2d 8 (1977). There Judge Bradley wrote:
 The language of Rule 59.1 requires express consent. And the law has long recognized a material distinction between "assent" and "consent," the former meaning passive or submissive conduct while the latter involves positive action. [citation omitted] In the instant case counsel for appellee did not take positive steps to express in a direct and unequivocal manner that he was willing to extend the 90 day period nor did his assent to the continuation of the proceedings constitute a waiver of the requirement of express consent.[1]
If we were to hold otherwise this Court often might be left to sheer guesswork in determining whether we had jurisdiction of a case. Further, it would in effect allow the very practice which Rule 59.1 was meant to end, that is the pendency of post-trial motions — and therefore the litigation — for indefinite periods of time. See State v. Wall, Ala., 348 So.2d 482 (1977). We hold therefore that the 42-day period of Rule 4, ARAP began to run on July 25, i.e., 90 days from the filing of the post-trial motion(s). The period within which notice of appeal would have been timely was therefore ended on September 4, 1978. Because the appellant's notice of appeal was not filed until September 20, 1978 we are without jurisdiction in this case.
APPEAL DISMISSED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
MADDOX and JONES, JJ., dissent.
[1] We pretermit any discussion of that court's implication that a party might waive a jurisdictional requirement of this Court.