904 So.2d 294 (2004)
Ex parte Brenda T. BODENHAMER.
In re Brenda T. Bodenhamer
v.
George Randall Bodenhamer.
No. 1030747.
Supreme Court of Alabama.
October 8, 2004.
Claude D. Boone, Mobile, for petitioner.
Stephen P. Johnson of Brackin, McGriff & Johnson, P.C., Foley, for respondent.
HOUSTON, Justice.
Brenda T. Bodenhamer appealed to the Court of Civil Appeals from the Baldwin *295 Circuit Court's amended judgment of divorce. That court affirmed the amended judgment in Bodenhamer v. Bodenhamer, 904 So.2d 289 (Ala.Civ.App.2003). We granted certiorari to decide whether the trial court had jurisdiction to amend its original judgment. It did not; therefore, the amended judgment is void.
On March 18, 2002, the trial court entered a judgment divorcing Brenda from George Randall Bodenhamer. George then filed a motion on March 26, 2002, to alter, amend, or vacate the judgment; on April 4, 2002, he amended the motion to alter, amend, or vacate the judgment. George later moved the trial court to extend the time for ruling on his postjudgment motion. A letter from Brenda's attorney attached to George's motion seeking an extension of time stated: "I agree to extend the ninety (90) day period for the hearing on your motion in the above-referenced matter." (Emphasis added.)
The trial court granted George's motion and extended the time to rule on George's postjudgment motion "until such time as the court may set the same for a hearing and may thereafter be ruled upon by the court." A hearing was held on the postjudgment motion on October 17, 2002. Thereafter, on January 16, 2003, the trial court entered an amended judgment of divorce.
Brenda appealed, claiming, among other things, that the trial court lacked jurisdiction on January 16, 2003, to amend its March 18, 2002, judgment because George's postjudgment motion had been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. The Court of Civil Appeals affirmed the trial court's amended judgment.
Rule 59.1 provides, in pertinent part:
"No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record,... and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
Brenda admits that she expressly consented on the record to extend the time for the hearing on George's postjudgment motion. However, Brenda contends that because she did not expressly consent on the record to an extension of the pendency of George's postjudgment motion beyond the 90-day period, the motion was denied by operation of law the day following the hearing.
In Harrison v. Alabama Power Co., 371 So.2d 19 (Ala.1979), this Court addressed the same issue presented here: whether express consent to extend the time allowed under Rule 59.1 for a hearing on a postjudgment motion, without express consent also to extend the time for ruling on that motion, extends the time for ruling on the postjudgment motion. In Harrison, we held that it did not. As we stated, "consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to an extension of the 90-day period." Harrison, 371 So.2d at 20-21. (Emphasis omitted.)
In accordance with Harrison, we hold that consent to extend the time for a hearing on a postjudgment motion does not equate to consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P. Because Rule 59.1 allows *296 that period to be measured from the date a postjudgment motion was amended, so long as the amendment was filed within 30 days of the entry of the judgment, Ex parte Cleveland Consolidated, Inc., 435 So.2d 1285, 1287 (Ala.1983), the trial court had 90 days from April 4, 2002, in which to rule on George's postjudgment motion. The trial court did not enter its amended judgment until more than 90 days later; therefore, it lacked jurisdiction to enter that amended judgment.
Because we find that the trial court lacked jurisdiction to enter the amended judgment, we need not address Brenda's additional arguments. The amended judgment is hereby vacated and the original judgment of March 18, 2002, is reinstated.
JUDGMENT VACATED AND CAUSE REMANDED.
NABERS, C.J., and LYONS, BROWN, WOODALL, and STUART, JJ., concur.
SEE, JOHNSTONE, and HARWOOD, JJ., concur in the result.
JOHNSTONE, Justice (concurring in the result).
The main opinion says, "[i]n accordance with Harrison [v. Alabama Power Co., 371 So.2d 19, 21 (Ala.1979)], we hold that consent to extend the time for a hearing on a postjudgment motion does not equate to consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P." 904 So.2d at 295. On the one hand, because Harrison is crucially distinguishable from the case now before us, Harrison does not support the holding quoted above. On the other hand, the trial court did lack jurisdiction to enter the amended judgment because the trial court did not purport to enter the amended judgment until after the expiration of the extension effected by the express agreement of the parties and the extension order of the trial court.
The pertinent chronology follows:

March 18, 2002  Original judgment was entered;
March 26, 2002  George's postjudgment motion was filed;
April 4, 2002  George's amended postjudgment motion was filed;
June 18, 2002  George's motion to extend (with Brenda's lawyer's agreement letter
 attached) was filed;
June 18, 2002  Extension order was entered by trial court;
October 17, 2002  Hearing was held on George's postjudgment motions;
January 16, 2003  Amended judgment was entered.

In Harrison, the main opinion, the dissent, and the exhibits to the dissent, all published with the opinion, reveal that the only reason the Harrison Court invalidated the extension was that the only evidence of the parties' consent in the record was a recitation of the parties' consent in the extension (continuance) order entered by the trial court. The only cause for the invalidation of the extension in Harrison was, not the content of the parties' consent, but the lack of the parties' documentation of that consent in the record. The critical part of the Harrison holding is its enforcement of "the [Rule 59.1] requirement that the record show the parties' express consent." Harrison, 371 So.2d at 21 (first emphasis added; second emphasis original). In the case now before us, the parties' express consent is documented in the record by George's motion for an extension and Brenda's (lawyer's) letter of agreement.
Whether George and Brenda expressly consented to extend the pendency of the postjudgment motion presents us with an *297 issue of contract, or agreement, interpretation. In the context of the requirement of Rule 59.1 for express consent to an extension of the 90 days for the pendency of the postjudgment motion, Brenda's lawyer's letter agreeing "to extend the ninety (90) day period for the hearing" (emphasis added) was, at worst, simply an ambiguous agreement.
"`It is our task to give effect to all parts of the contract and to give a reasonable interpretation to all of its provisions. We must strive to determine the intention of the parties which is the polestar of all rules of construction....'"
Smith v. Kennesaw Life & Accident Ins. Co., 284 Ala. 12, 18, 221 So.2d 372, 377 (1969) (quoting Metropolitan Life Ins. Co. v. Korneghy, 37 Ala.App. 497, 502, 71 So.2d 292, 296 (1954)). While Rule 59.1 requires "the express consent of all the parties," the rule does not absolve us of our responsibility to resolve an ambiguity in such an express agreement in accordance with the standard rules for interpreting agreements. Brenda's lawyer's letter agreeing "to extend the ninety (90) day period for the hearing" on George's postjudgment motion, reasonably interpreted in terms of the obvious intent of the parties, was synonymous with an agreement to extend the 90-day period for the pendency of the postjudgment motion through the date of the hearing, since no lawyer would, in a good faith response to a request for an extension of the time for the pendency of a motion, contemplate a hearing on the motion while he simultaneously contemplated the denial of that motion by operation of law after his response but before the hearing.
However, the result reached by the main opinion is correct because the trial court wasted the extension of the time for the pendency of the postjudgment motion. That is, the trial court did not purport to rule until after, indeed long after, the expiration of the extension, which expired at the end of the day of the hearing on October 17, 2002. The "failure by the trial court to dispose of [the] pending post-judgment motion[s] within the time permitted [by Rule 59.1], or [the] extension thereof, ... constitute[d] a denial of such motion[s] as of the expiration of the period," Rule 59.1, at the end of the October 17, 2002 hearing day. Therefore, the trial court lacked jurisdiction for its purporting, in effect, to grant George's postjudgment motion by purporting to enter the amended judgment on January 16, 2003.
HARWOOD, Justice (concurring in the result).
I concur in the result. I agree with Justice Johnstone's assessment in his special writing also concurring in the result that the import of the letter written by Brenda Bodenhamer's attorney reflects "at worst, simply an ambiguous agreement." 904 So.2d at 297. The phrasing used by the attorney in the letter  "I agree to extend the ninety (90) day period for the hearing on your motion in the above-referenced matter"  should be interpreted as an agreement to extend the 90-day period for the pendency of the motion through the date of the hearing. The specific reference to "the ninety (90) day period" could refer only to "the" 90-day period specified by Rule 59.1, Ala. R. Civ.App., which, in turn, relates only to the period of pendency of the postjudgment motion until it is disposed of by the trial court.
I also agree with Justice Johnstone that the actual holding in Harrison v. Alabama Power Co., 371 So.2d 19 (Ala.1979), is arrived at only by close analysis of the underlying facts of that case. Because the actual language of the May 9, 1978, order at issue in that case is never quoted or *298 paraphrased in either the opinion, the dissent, or the appendices to the dissent, I have gone to the record on appeal of that case to determine the text of that order. The record reflects that the order stated simply, in its entirety: "Case continued generally, Adams, J." followed by the notation: "(N. JEB & M & H 5-9-78)." (That notation was probably simply a reference to the notification to the attorneys in the case, their names corresponding with the initials following the "N.")
Accordingly, this order did not reflect or memorialize in the record in any explicit way the express consent of the parties to a longer period of pendency than would otherwise be mandated by Rule 59.1.
The circumstances of both Harrison and the present case represent the type of situation which, if not reined in by the limits imposed by Rule 59.1, "would in effect allow the very practice which Rule 59.1 was meant to end, that is the pendency of post-trial motions  and therefore the litigation  for indefinite periods of time." 371 So.2d at 21. The better practice, and certainly the only practice that can avoid the type of "sheer guesswork in determining whether [this Court has] jurisdiction of a case," condemned in Harrison, id., is for the statement in the record of the party's consent to an extension of time for the disposition of a pending postjudgment motion to reference a date certain as the deadline for that disposition.
In the present case, the trial court, in reliance on its understanding of what the parties had agreed to, entered an order continuing the pendency of the postjudgment motion "until such time as the court may set the same for a hearing and may thereafter be ruled upon by the court." An order containing such an open-ended deadline runs the risk of reinstituting "the very practice which Rule 59.1 was meant to end, that is the pendency of post-trial motions  and therefore the litigation  for indefinite periods of time." 371 So.2d at 21. No limitation was placed on when the hearing would have to be held, or when, following the hearing, the trial court would be required to rule on the motion before it would be deemed denied by operation of law. A consent of the parties, documented in the record, to a pendency of the motion to a date certain avoids those problems. When and whether a hearing is conducted is at the discretion of the court and the parties; all that is required, and what is known to all concerned with certainty, is that the postjudgment motion must be disposed of by the specified deadline.
SEE, J., concurs.