The main opinion says, "[i]n accordance with Harrison [v.Alabama Power Co., 371 So.2d 19, 21 (Ala. 1979)], we hold that consent to extend the time for a hearing on a postjudgment motion does not equate to consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P." 904 So.2d at 295. On the one hand, becauseHarrison is crucially distinguishable from the case now before us, Harrison does not support the holding quoted above. On the other hand, the trial court did lack jurisdiction to enter the amended judgment because the trial court did not purport to enter the amended judgment until after the expiration of the extension effected by the express agreement of the parties and the extension order of the trial court.
The pertinent chronology follows:
March 18, 2002 — Original judgment was entered; March 26, 2002 — George's postjudgment motion was filed; April 4, 2002 — George's amended postjudgment motion was filed; June 18, 2002 — George's motion to extend (with Brenda's lawyer's agreement letter attached) was filed; June 18, 2002 — Extension order was entered by trial court; October 17, 2002 — Hearing was held on George's postjudgment motions; January 16, 2003 — Amended judgment was entered.
In Harrison, the main opinion, the dissent, and the exhibits to the dissent, all published with the opinion, reveal that the only reason the Harrison Court invalidated the extension was that the only evidence of the parties' consent in the record was a recitation of the parties' consent in the extension (continuance) order entered by the trial court. The only cause for the invalidation of the extension in Harrison was, not the content of the parties' consent, but the lack of the parties' documentation of that consent in the record. The critical part of the Harrison holding is its enforcement of "the [Rule 59.1] requirement that the record show the parties' expressconsent." Harrison, 371 So.2d at 21 (first emphasis added; second emphasis original). In the case now before us, the parties' express consent is documented in the record by George's motion for an extension and Brenda's (lawyer's) letter of agreement.
Whether George and Brenda expressly consented to extend the pendency of the postjudgment motion presents us with an *Page 297 
issue of contract, or agreement, interpretation. In the context of the requirement of Rule 59.1 for express consent to an extension of the 90 days for the pendency of the postjudgment motion, Brenda's lawyer's letter agreeing "to extend the ninety (90) day period for the hearing" (emphasis added) was, at worst, simply an ambiguous agreement.
 "`It is our task to give effect to all parts of the contract and to give a reasonable interpretation to all of its provisions. We must strive to determine the intention of the parties which is the polestar of all rules of construction. . . .'" Smith v. Kennesaw Life Accident Ins. Co., 284 Ala. 12, 18, 221 So.2d 372, 377 (1969) (quoting Metropolitan Life Ins. Co. v. Korneghy, 37 Ala.App. 497, 502, 71 So.2d 292, 296 (1954)). While Rule 59.1 requires "the express consent of all the parties," the rule does not absolve us of our responsibility to resolve an ambiguity in such an express agreement in accordance with the standard rules for interpreting agreements. Brenda's lawyer's letter agreeing "to extend the ninety (90) day period for the hearing" on George's postjudgment motion, reasonably interpreted in terms of the obvious intent of the parties, was synonymous with an agreement to extend the 90-day period for the pendency of the postjudgment motion through the date of the hearing, since no lawyer would, in a good faith response to a request for an extension of the time for the pendency of a motion, contemplate a hearing on the motion while he simultaneously contemplated the denial of that motion by operation of law after his response but before the hearing.
However, the result reached by the main opinion is correct because the trial court wasted the extension of the time for the pendency of the postjudgment motion. That is, the trial court did not purport to rule until after, indeed long after, the expiration of the extension, which expired at the end of the day of the hearing on October 17, 2002. The "failure by the trial court to dispose of [the] pending post-judgment motion[s] within the time permitted [by Rule 59.1], or [the] extension thereof, . . . constitute[d] a denial of such motion[s] as of the expiration of the period," Rule 59.1, at the end of the October 17, 2002 hearing day. Therefore, the trial court lacked jurisdiction for its purporting, in effect, to grant George's postjudgment motion by purporting to enter the amended judgment on January 16, 2003.