I concur in the result. I agree with Justice Johnstone's assessment in his special writing also concurring in the result that the import of the letter written by Brenda Bodenhamer's attorney reflects "at worst, simply an ambiguous agreement."904 So.2d at 297. The phrasing used by the attorney in the letter — "I agree to extend the ninety (90) day period for the hearing on your motion in the above-referenced matter" — should be interpreted as an agreement to extend the 90-day period for the pendency of the motion through the date of the hearing. The specific reference to "the ninety (90) day period" could refer only to "the" 90-day period specified by Rule 59.1, Ala. R. Civ.App., which, in turn, relates only to the period of pendency of the postjudgment motion until it is disposed of by the trial court.
I also agree with Justice Johnstone that the actual holding inHarrison v. Alabama Power Co., 371 So.2d 19 (Ala. 1979), is arrived at only by close analysis of the underlying facts of that case. Because the actual language of the May 9, 1978, order at issue in that case is never quoted or *Page 298 
paraphrased in either the opinion, the dissent, or the appendices to the dissent, I have gone to the record on appeal of that case to determine the text of that order. The record reflects that the order stated simply, in its entirety: "Case continued generally, Adams, J." followed by the notation: "(N. JEB M H 5-9-78)." (That notation was probably simply a reference to the notification to the attorneys in the case, their names corresponding with the initials following the "N.")
Accordingly, this order did not reflect or memorialize in the record in any explicit way the express consent of the parties to a longer period of pendency than would otherwise be mandated by Rule 59.1.
The circumstances of both Harrison and the present case represent the type of situation which, if not reined in by the limits imposed by Rule 59.1, "would in effect allow the very practice which Rule 59.1 was meant to end, that is the pendency of post-trial motions — and therefore the litigation — for indefinite periods of time." 371 So.2d at 21. The better practice, and certainly the only practice that can avoid the type of "sheer guesswork in determining whether [this Court has] jurisdiction of a case," condemned in Harrison, id., is for the statement in the record of the party's consent to an extension of time for the disposition of a pending postjudgment motion to reference a date certain as the deadline for that disposition.
In the present case, the trial court, in reliance on its understanding of what the parties had agreed to, entered an order continuing the pendency of the postjudgment motion "until such time as the court may set the same for a hearing and may thereafter be ruled upon by the court." An order containing such an open-ended deadline runs the risk of reinstituting "the very practice which Rule 59.1 was meant to end, that is the pendency of post-trial motions — and therefore the litigation — for indefinite periods of time." 371 So.2d at 21. No limitation was placed on when the hearing would have to be held, or when, following the hearing, the trial court would be required to rule on the motion before it would be deemed denied by operation of law. A consent of the parties, documented in the record, to a pendency of the motion to a date certain avoids those problems. When and whether a hearing is conducted is at the discretion of the court and the parties; all that is required, and what is known to all concerned with certainty, is that the postjudgment motion must be disposed of by the specified deadline.
SEE, J., concurs.