Rachel Bolen, Percy Bolen, and Hannah Bolen petition this Court for a writ of mandamus compelling the trial court to vacate its order setting aside a default judgment previously entered in their favor against Tracey Lynn Sherrill and to reinstate the default judgment.[1] We grant the petition and issue the writ.
 Factual Background and Procedural History
According to the exhibits attached to the Bolens' petition, on October 3, 2002, a vehicle being driven by Sherrill collided with a vehicle being driven by Rachel Bolen; Rachel's husband, Percy, and their daughter, Hannah, were passengers in the vehicle driven by Rachel. The impact caused the Bolens' vehicle to collide with a third vehicle. The Bolens' vehicle was insured by Southern United Fire Insurance Company, Inc. That policy included uninsured/underinsured-motorist coverage and medical-payment coverage. Sherrill was driving an uninsured motor vehicle, defined by § 32-7-23(b)(1), Ala. Code 1975, as a vehicle with respect to which "[n]either the owner nor the operator carries bodily injury liability insurance." Southern United did not pay the claims for medical expenses submitted by the Bolens.
On June 27, 2003, Rachel and Percy sued Sherrill and Southern United. The complaint contained a negligence claim against Sherrill and claims alleging breach of contract, bad-faith failure to pay an insurance claim, and negligent hiring, training, and supervision against Southern United.
On April 2, 2004, the Bolens filed an application for the entry of default against Sherrill. On April 28, the court held a "proof of damages" hearing. The Bolens say that counsel for Southern United was present at the hearing and that she did not object to the proceedings.[2] On May 21, the trial court entered a default judgment against Sherrill in the amount of $64,000 in compensatory damages as to Percy and $30,000 in compensatory damages as to Rachel. According to the May 21 order, the Bolens' claims against Southern United are pending before an arbitrator. Hannah apparently was not added as a plaintiff until May 27, 2004, when Rachel and Percy amended their complaint.
On June 4, 2004, Sherrill moved to set aside the default judgment on the grounds (1) that service of the summons and complaint was improper; (2) that she had valid defenses to the Bolens' claims; (3) that she had filed an answer to the complaint and *Page 567 
responses to the Bolens' discovery requests; and (4) that the Bolens would not be unfairly prejudiced if the default judgment were set aside. The trial court scheduled a hearing on the motion to set aside the default judgment (hereinafter referred to as "the motion to set aside") for July 1, 2004.
On June 23, 2004, the Bolens' counsel wrote a letter to Sherrill's counsel seeking to depose Sherrill before the hearing, suggesting a date for the deposition, and asking whether Sherrill would agree to continue the July 1 hearing on the motion to set aside. On June 24, Sherrill's counsel replied in a letter to the Bolens' counsel that she objected to continuing the hearing. On June 25, the Bolens filed a motion in the trial court to continue the hearing until after they had had an opportunity to depose Sherrill. Apparently, no hearing was held on July 1.
On July 16, 2004, Sherrill filed an affidavit addressing where, when, and how she learned of the default judgment against her. In mid-July, the parties exchanged letters concerning proposed dates on which to conduct depositions. The parties say that on July 28, in a conference call with the trial court, the parties agreed to continue the hearing on the motion to set aside. That hearing was apparently rescheduled after July 1, but nothing before us reflects the new hearing date. The case action summary sheet merely reflects an entry on July 28 that states: "By agreement, Plaintiff given reasonable time to respond to motion to set aside, etc." The Bolens took Sherrill's deposition on August 12, 2004.
On September 2, 2004, the 90-day period during which a postjudgment motion is allowed to remain pending expired pursuant to Rule 59.1, Ala. R. Civ. P. The proceedings described below that took place after that date do not take into account the significance of the passage of September 2 without the entry of a ruling on the motion to set aside.
The next entry on the case action summary sheet is dated September 13, 2004; it states: "No further information received from parties." The trial court issued a notice to the parties on September 13 to advise it of the status of the motion to set aside. In a letter to the trial court dated September 24, Sherrill's counsel requested that the trial court rule on the motion to set aside. In a letter to the Bolens' counsel, also dated September 24, Sherrill's counsel advised him of her letter to the trial court and stated that she did not agree "to the continuance of the motion to set aside the default until after the arbitration is complete." The Bolens' counsel also wrote a letter to the trial court on September 24 in which he asked the court to "continue the hearing and/or decision to rule on the `Motion to Set Aside the Default Judgement' filed on behalf of Ms. Sherrill while we make every effort to resolve all claims for damages."
On December 7, 2004, the trial court held a hearing on the motion to set aside. On December 8, 2004, the trial court entered an order setting aside the default judgment. In that order, the trial court stated that the parties "jointly agreed to continue the ruling on the motion generally, based at least in part on the [Bolens'] request to take Sherrill's deposition to explore her claims about improper or insufficient service." On December 20, the Bolens filed a "motion for reconsideration," which the trial court denied on December 22. The Bolens then filed this petition for a writ of mandamus.
 Standard of Review "Because an order setting aside a default judgment is interlocutory and, therefore, not appealable, the proper remedy to review the trial court's *Page 568 
action in entering that order is a petition for a writ of mandamus. Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560 (1948). The standard for issuing a writ of mandamus is well settled:
 "`Mandamus is an extraordinary remedy requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989); Ex parte Alfab, Inc., 586 So.2d 889, 891
(Ala. 1991).'
"Ex parte Johnson, 638 So.2d 772, 773 (Ala. 1994)."
Ex parte King, 776 So.2d 31, 33-34 (Ala. 2000) (citations omitted). When considering a petition for a writ of mandamus compelling a trial court to vacate an order setting aside a default judgment, the standard this Court applies is whether, in setting aside the default judgment, the trial court exceeded its discretion. Id.
 Analysis
The dispositive issue presented by this petition is whether the motion to set aside was denied on September 2 by operation of law pursuant to Rule 59.1. Rule 59.1 states, in pertinent part:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record. . . . A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
Unless the Bolens and Sherrill expressly consented to extend the time within which the trial court could rule on the motion to set aside beyond the 90-day period allowed by Rule 59.1, and that consent appears of record, then that motion was denied by operation of law on September 2, and the 42-day time provided by Rule 4, Ala. R.App. P., for appealing from the default judgment after the postjudgment motion was denied expired on October 14, 2004. Because the default judgment was final and not subject to an appeal, the trial court did not have jurisdiction to enter the order on December 8 purporting to set it aside. Ex parteHornsby, 663 So.2d 966 (Ala. 1995); Bartlett v. Harlow,516 So.2d 646 (Ala. 1987).
Although the trial court may have had the understanding that the parties agreed "to continue the ruling on the motion generally," as evidenced by that finding in its December 8 order, we find nothing before September 24 that appears of record in the exhibits provided to this Court for review that arguably could be interpreted as the express consent of the parties to extend the pendency of the motion to set aside. "Express consent" is defined as "[c]onsent that is clearly and unmistakably stated."Black's Law Dictionary 323 (8th ed. 2004). We need not address whether counsel's letters of September 24 could have provided the requisite express consent; by that date, the motion to set aside had already been denied by operation of law.
Sherrill argues that because the Bolens asked the trial court to continue the hearing on the motion to set aside, they expressly consented to extend the 90-day period in which the trial court could rule *Page 569 
on the motion.[3] Since 1979, the law has been well settled that an agreement to continue a hearing is not the same as an agreement to extend the time during which a postjudgment motion can remain pending. In Ex parte Bodenhamer, 904 So.2d 294, 295
(Ala. 2004), this Court reiterated:
 "In Harrison v. Alabama Power Co., 371 So.2d 19
(Ala. 1979), this Court addressed the same issue presented here: whether express consent to extend the time allowed under Rule 59.1 for a hearing on a postjudgment motion, without express consent also to extend the time for ruling on that motion, extends the time for ruling on the postjudgment motion. In Harrison, we held that it did not. As we stated, `consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to an extension of the 90-day period.' Harrison, 371 So.2d at 20-21. (Emphasis omitted.)
 "In accordance with Harrison, we hold that consent to extend the time for a hearing on a postjudgment motion does not equate to consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P."
The trial court did not enter its order to set aside the default judgment for more than three months after the 90-day period expired on September 2, 2004. In this case, the trial court did not exceed its discretion in entering the order; it lacked the jurisdiction to do so. Therefore, the order setting aside the default judgment is void.
 Conclusion
We grant the Bolens' petition for the writ of mandamus and direct the trial court to vacate its order setting aside the default judgment against Sherrill and to reinstate that judgment.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
[1] The Bolens also sued Southern United Fire Insurance Company, Inc., and various fictitiously named defendants.
[2] It appears that counsel for Southern United also represents Sherrill.
[3] We note that express consent by all parties is required to extend the 90-day period. No consent whatsoever appears of record on behalf of Sherrill, because she objected to continuing the July 1 hearing on the motion to set aside.