937 So.2d 1013 (2006)
STATE of Alabama
v.
REDTOP MARKET, INC.
1041740.
Supreme Court of Alabama.
March 10, 2006.
Troy King, atty. gen., and Kevin Newsom, deputy atty. gen., and Alyce S. Robertson, asst. atty. gen., for appellant.
Jon B. Terry of Bains & Terry, Bessemer, for appellee.
WOODALL, Justice.
The State appeals from a judgment for Redtop Market, Inc. ("Redtop"), in the declaratory-judgment action filed by Redtop seeking a determination regarding the legality of certain video-gaming machines Redtop desired to place on its premises. The State's appeal, however, was untimely filed; therefore, the appeal must be dismissed.
Neither the State nor Redtop mentions the untimeliness of the appeal. However, their failure to raise it as an issue is immaterial.
"Even if [one of the appellees had] not pointed out the untimeliness of the appeal of [a] ruling, `[i]t is the duty of this Court to take notice of the filing date of an appeal and, if finding the appeal to be untimely, to dismiss it ex mero motu. Stewart v. Younger, 375 So.2d 428 (Ala. 1979).' Lewis v. State, 463 So.2d 154, 155 (Ala.1985)."
Bagley v. Mazda Motor Corp., 864 So.2d 301, 317 (Ala.2003).
*1014 The trial court heard the declaratory-judgment action on January 14, 2004. On February 3, 2004, the trial court entered a final judgment in favor of Redtop, finding that the operation of the video-gaming machines in question would not violate Alabama law. On February 27, the State filed a timely motion for a new trial. See Ala. R. Civ. P. 59(b).
The trial court scheduled a hearing on the motion for a new trial for May 14, 2004. However, on May 12, the trial court entered the following order: "Case is passed by agreement of the parties. Motion for new trial or rehearing is reset to August 11, 2004 at 8:15 a.m." On May 27, 2004, the 90-day period during which a postjudgment motion may remain pending expired pursuant to Rule 59.1, Ala. R. Civ. P. The hearing on the motion for a new trial was postponed eight more times and was ultimately held on April 20, 2005. On July 5, 2005, the trial court denied the motion. On August 11, the State filed its notice of appeal.
The dispositive issue is whether the State's motion for a new trial was denied on May 27, 2004, by operation of law pursuant to Rule 59.1. Rule 59.1 states, in pertinent part:
"No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of the parties, which consent shall appear of record .... A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
Thus, unless the State and Redtop expressly consented to extend the time within which the trial court could rule on the State's motion for a new trial beyond the 90-day period allowed by Rule 59.1 and that consent appears of record, then that motion was denied by operation of law on May 27, and the 42-day period provided by Rule 4, Ala. R.App. P., for filing an appeal from the declaratory judgment after the postjudgment motion was denied expired on July 8, 2004, more than a year before the State filed its notice of appeal. If the declaratory judgment was final and not subject to an appeal when the trial court entered its order of July 5, 2005, then the trial court did not have jurisdiction to enter that order purporting to deny the motion. "`If the trial court allows a post-trial motion to remain pending, and not ruled upon, for 90 days, then the motion is denied by operation of law and the trial court loses its jurisdiction to further entertain that motion.'" Ex parte Chamblee, 899 So.2d 244, 247 (Ala.2004)(quoting Ex parte Johnson Land Co., 561 So.2d 506, 508 (Ala.1990)).
Before the expiration of the 90-day period, the trial court, on May 12, entered an order indicating that the parties had agreed to postpone the hearing on the motion for a new trial until August 11, 2004. However, there is no indication in that order, or anywhere else in the record, of the parties' express consent to extend the pendency of the motion for a new trial beyond the 90-day period.
"Since 1979, the law has been well settled that an agreement to continue a hearing is not the same as an agreement to extend the time during which a postjudgment motion can remain pending. In Ex parte Bodenhamer, 904 So.2d 294, 295 (Ala.2004), this Court reiterated:
"`In Harrison v. Alabama Power Co., 371 So.2d 19 (Ala.1979), this Court addressed the same issue presented here: whether express consent to extend the time allowed under Rule 59.1 for a hearing on a postjudgment *1015 motion, without express consent also to extend the time for ruling on that motion, extends the time for ruling on the postjudgment motion. In Harrison, we held that it did not. As we stated, "consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to an extension of the 90-day period." Harrison, 371 So.2d at 20-21. (Emphasis omitted.)
"`In accordance with Harrison, we hold that consent to extend the time for a hearing on a postjudgment motion does not equate to consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P.'"
Ex parte Bolen, 915 So.2d 565, 569 (Ala. 2005).
Because the State's motion for a new trial was denied by operation of law on May 27, 2004, the State's notice of appeal, filed on August 11, 2005, is untimely. Therefore, this appeal must be dismissed, precluding this Court's review of its merits.
APPEAL DISMISSED.
SEE, LYONS, and HARWOOD, JJ., concur.
NABERS, C.J., and STUART, SMITH and BOLIN, JJ., concur specially.
PARKER, J., recuses himself.
NABERS, Chief Justice (concurring specially).
I concur in the opinion of the Court; I also join Justice Bolin's special concurrence.
The substantive issues presented by this appeal are of paramount concern to the people of Alabama. I find it hard to fathom that in a case of such importance, the State's motion for a new trial lingered below for over a year before a hearing was held on its merits. That, however, is what happened, and, unfortunately, as a result of the failure of the State to timely file this appeal, the critical issues presented here cannot now be reviewed.
In dismissing the State's appeal, we rely on a distinction between an agreement of the parties to continue a hearing on a postjudgment motion and an agreement of the parties to extend the pendency of that motion. Since this Court decided Harrison v. Alabama Power Co., 371 So.2d 19 (Ala.1979), we have held that only the latter  the express consent of the parties appearing of record to allow the motion to remain pending beyond the 90-day period  is sufficient to satisfy the requirements of Rule 59.1, Ala. R. Civ. P. Justice Maddox wrote persuasively in his dissent in Harrison when he concluded that our interpretation of Rule 59.1 is "too technical, and, therefore, unjust." 371 So.2d at 21 (Maddox, J., dissenting). I agree with Justice Bolin that we should reconsider this troubled area of our civil procedure.
Regrettably, however, this is not the case in which to do so. Even if we were inclined to overrule Harrison and its progeny and conclude that an express agreement of the parties to continue the hearing on a postjudgment motion is sufficient to satisfy the provision of Rule 59.1 allowing an extension of the 90-day period upon the express consent of the parties, the result in this case would not change. Assuming each of the many continuances in this case satisfied this alternative approach to Rule 59.1, the last date to which the parties agreed to continue the hearing was June 3, 2005, and the State's appeal on August 11, 2005, would nevertheless be untimely. We have no choice, therefore, but to dismiss this appeal.
*1016 Although our inability to review the decision below is lamentable, I agree with the other members of the Court that our hands are tied.
STUART, J., concurs.
BOLIN, Justice (concurring specially).
Although I agree with the majority that, based on Rule 59.1, Ala. R. Civ. P., and relevant caselaw for the past 27 years, the State's appeal was untimely and should be dismissed, I write specially concerning two troubling aspects of this case.
The first aspect has to do with our strict interpretation of Rule 59.1, Ala. R. Civ. P. In a dissent in Harrison v. Alabama Power Co., 371 So.2d 19 (Ala.1979), a case holding that a consent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to the extension of the 90-day period during which a postjudgment motion can remain pending, Justice Maddox stated:
"Rule 59.1 was designed to force the trial judge to rule on post-trial motions. It was not designed as a trap by which a party could `consent' to a continuance, and then raise, by motion to dismiss, that the appeal was not timely.
"....
"Rule 1, [Ala. R. Civ. P.], states that the civil rules are to be construed `to serve the just, speedy and inexpensive determination of every action.' I believe today's decision is too technical, and, therefore, unjust."
This warning, given not long after the adoption of the Alabama Rules of Civil Procedure, should have been heeded or at least rendered less critical in the almost 27 years since it was given, but the very fact that this appeal is being dismissed without any adjudication on the merits indicates that Justice Maddox's words are still pertinent, and that Rule 59.1 is still a trap for the unwary.
The Committee Comments on 1973 Adoption of Rule 59.1 state that "[t]his Rule is designed to remedy any inequities arising from the failure of the trial court to dispose of post-trial motions for unduly long periods." However, Rule 59.1 itself allows for the 90-day period during which a postjudgment motion can remain pending to be extended if all parties consent of record to the extension. Just as the continuance of any trial, hearing, or other matter carries with it the implied pendency of the underlying matter, so also should the agreement of all parties whose consent appears of record to continue a hearing on a motion for a new trial carry with it the pendency of the underlying motion itself. I agree with Justice Maddox's words of dissent in Harrison, supra, when he wisely notes that the interpretation given Rule 59.1 in Harrison is "too technical, and, therefore, unjust." Harrison, 371 So.2d at 21. I suggest that this Court reexamine its decision in Harrison or amend Rule 59.1 to eliminate the trap.[1]
*1017 The second aspect of this writing concerns the practical outcome of dismissing the appeal in accordance with the precedent established in Harrison. Redtop Market, Inc., filed this declaratory-judgment action on July 1, 2003, in the Bessemer Division of the Jefferson Circuit Court, seeking a determination that its "video-arcade machines" were not "gambling devices" subject to confiscation under state law. The defendant, the State of Alabama, filed an answer through District Attorney Arthur Green, and a trial was begun on January 14, 2004. A judgment was rendered on February 3, 2004, and entered on February 10, 2004, declaring that video-arcade machines known as "Fruit Holder," "Respin 7," and "Funny Fruit" were not games of chance and ordering that law enforcement "abstain from seizing or charging criminally any individuals operating or possessing" those machines.
On February 27, 2004, the State filed a "Motion for New Trial or Rehearing," which was summarily denied on March 8, 2004. Thereafter, on March 30, 2004, the March 8 order was set aside, and a hearing on the "Motion for New Trial or Rehearing" was set for May 14, 2004, 77 days after the motion was originally filed and within the 90-day period of Rule 59.1. However, on May 12, 2004, the trial court entered a bench note that stated that the "[c]ase is passed by agreement of the parties. Motion for new trial or rehearing is reset to August 11, 2004 at 8:15 a.m. Dan C. King, III, Judge." This entry made no mention of any express agreement of the parties to allow the motion to remain pending past the Rule 59.1 90-day period, which expired on May 27, 2004.
Thereafter, the motion was continued and reset eight more times, five of which continuances stated that they were by agreement of the parties and three of which were simply reset by the court. Before an order was rendered by the trial court on July 5, 2005, numerous other motions were filed by the parties and the trial court on June 16, 2004, added another video-gaming machine, the "Nudge," as a fourth approved video-gaming machine, even though no hearing was apparently held as to that machine and the expert testimony from the original hearing concerned only the "Fruit Holder" machine.[2]
The hearing on the State's "Motion for New Trial or Rehearing"[3] was finally held on April 20, 2005, and the trial court issued an order on July 5, 2005, purporting to deny the motion. However, each and every action taken by the parties and the trial court after May 27, 2004, occurred after the trial court lost jurisdiction to entertain the motion.
In the present case, the unfortunate and regrettable result of the holding in Harrison that "consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to an extension of the 90-day period," 371 So.2d at 20-21, is that there will be no appellate review of this very important issue, i.e., whether these video-gaming machines were gambling devices. Also, the actions taken after May 27, 2004, when the trial court lost jurisdiction *1018 over this case, were a waste of time and judicial resources.
It has been almost 27 years since Harrison was decided, and we are still describing, as Justice Maddox foretold, Rule 59.1 as a trap for the unwary, and we continue to contradict the requirement of Rule 1 that the Rules of Civil Procedure are to be construed "to secure the just, speedy and inexpensive determination of every action." Rule 1(c), Ala. R. Civ. P. (emphasis added).
NABERS, C.J., and SMITH, J., concur.
NOTES
[1] A cursory review of Alabama appellate cases since Harrison was decided in 1979 reveals numerous appellate decisions in which the issue was whether the parties timely consented to an extension of the 90-day time period pursuant to Rule 59.1. See, e.g., Ex parte Bolen, 915 So.2d 565 (Ala.2005); Ex parte Bodenhamer, 904 So.2d 294 (Ala.2004); Ex parte Babyak, 895 So.2d 198 (Ala.2004); Parsons v. Aaron, 849 So.2d 932 (Ala.2002); Ex parte Davidson, 782 So.2d 237 (Ala.2000); Ex parte Caterpillar, Inc., 708 So.2d 142 (Ala. 1997); Ex parte Sherer Timber Co., 612 So.2d 467 (Ala.1992); Schiesz v. Schiesz, [Ms. 2041024, May 5, 2006] ___ So.2d ___ Ala. Civ.App.2006); Moore v. Moore, 910 So.2d 137 (Ala.Civ.App.2004); A.M.K. v. E.D., 826 So.2d 889 (Ala.Civ.App.2002); Brown v. Brown, 808 So.2d 40 (Ala.Civ.App.2001); HealthSouth Corp. v. Brookwood Health Servs., Inc., 814 So.2d 267 (Ala.Civ.App.2000); Coastal Bail Bonds, Inc. v. Cope, 697 So.2d 48 (Ala.Civ.App.1996); McCurry v. Gold Kist, Inc., 647 So.2d 732 (Ala.Civ.App.1993); Scheilz v. Scheilz, 579 So.2d 674 (Ala.Civ.App. 1991); and Simmons v. Simmons, 390 So.2d 622 (Ala.Civ.App.1980).
[2] On April 20, 2005, the trial court entered another bench note, purporting to sever the claim as to the "Nudge" from this case and giving it a new case number.
[3] The trial court in its order referred to this motion as a motion to alter, amend, or vacate, or, in the alternative, for a new trial.