The State appeals from a judgment for Redtop Market, Inc. ("Redtop"), in the declaratory-judgment action filed by Redtop seeking a determination regarding the legality of certain video-gaming machines Redtop desired to place on its premises. The State's appeal, however, was untimely filed; therefore, the appeal must be dismissed.
Neither the State nor Redtop mentions the untimeliness of the appeal. However, their failure to raise it as an issue is immaterial.
 "Even if [one of the appellees had] not pointed out the untimeliness of the appeal of [a] ruling, `[i]t is the duty of this Court to take notice of the filing date of an appeal and, if finding the appeal to be untimely, to dismiss it ex mero motu. Stewart v. Younger, 375 So.2d 428 (Ala. 1979).' Lewis v. State, 463 So.2d 154, 155 (Ala. 1985)."
Bagley v. Mazda Motor Corp., 864 So.2d 301, 317
(Ala. 2003). *Page 1014 
The trial court heard the declaratory-judgment action on January 14, 2004. On February 3, 2004, the trial court entered a final judgment in favor of Redtop, finding that the operation of the video-gaming machines in question would not violate Alabama law. On February 27, the State filed a timely motion for a new trial. See Ala. R. Civ. P. 59(b).
The trial court scheduled a hearing on the motion for a new trial for May 14, 2004. However, on May 12, the trial court entered the following order: "Case is passed by agreement of the parties. Motion for new trial or rehearing is reset to August 11, 2004 at 8:15 a.m." On May 27, 2004, the 90-day period during which a postjudgment motion may remain pending expired pursuant to Rule 59.1, Ala. R. Civ. P. The hearing on the motion for a new trial was postponed eight more times and was ultimately held on April 20, 2005. On July 5, 2005, the trial court denied the motion. On August 11, the State filed its notice of appeal.
The dispositive issue is whether the State's motion for a new trial was denied on May 27, 2004, by operation of law pursuant to Rule 59.1. Rule 59.1 states, in pertinent part:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of the parties, which consent shall appear of record. . . . A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
Thus, unless the State and Redtop expressly consented to extend the time within which the trial court could rule on the State's motion for a new trial beyond the 90-day period allowed by Rule 59.1 and that consent appears of record, then that motion was denied by operation of law on May 27, and the 42-day period provided by Rule 4, Ala. R.App. P., for filing an appeal from the declaratory judgment after the postjudgment motion was denied expired on July 8, 2004, more than a year before the State filed its notice of appeal. If the declaratory judgment was final and not subject to an appeal when the trial court entered its order of July 5, 2005, then the trial court did not have jurisdiction to enter that order purporting to deny the motion. "`If the trial court allows a post-trial motion to remain pending, and not ruled upon, for 90 days, then the motion is denied by operation of law and the trial court loses its jurisdiction to further entertain that motion.'" Ex parteChamblee, 899 So.2d 244, 247 (Ala. 2004) (quoting Exparte Johnson Land Co., 561 So.2d 506, 508 (Ala. 1990)).
Before the expiration of the 90-day period, the trial court, on May 12, entered an order indicating that the parties had agreed to postpone the hearing on the motion for a new trial until August 11, 2004. However, there is no indication in that order, or anywhere else in the record, of the parties' express consent to extend the pendency of the motion for a new trial beyond the 90-day period.
 "Since 1979, the law has been well settled that an agreement to continue a hearing is not the same as an agreement to extend the time during which a post-judgment motion can remain pending. In Ex parte Bodenhamer, 904 So.2d 294, 295 (Ala. 2004), this Court reiterated:
 "`In Harrison v. Alabama Power Co., 371 So.2d 19 (Ala. 1979), this Court addressed the same issue presented here: whether express consent to extend the time allowed under Rule 59.1 for a hearing on a postjudgment *Page 1015 
motion, without express consent also to extend the time for ruling on that motion, extends the time for ruling on the postjudgment motion. In Harrison, we held that it did not. As we stated, "consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to an extension of the 90-day period." Harrison, 371 So.2d at 20-21. (Emphasis omitted.)
 "`In accordance with Harrison, we hold that consent to extend the time for a hearing on a postjudgment motion does not equate to consent to extend the pendency of the post-judgment motion beyond the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P.'"
Ex parte Bolen, 915 So.2d 565, 569 (Ala. 2005).
Because the State's motion for a new trial was denied by operation of law on May 27, 2004, the State's notice of appeal, filed on August 11, 2005, is untimely. Therefore, this appeal must be dismissed, precluding this Court's review of its merits.
APPEAL DISMISSED.
SEE, LYONS, and HARWOOD, JJ., concur.
NABERS, C.J., and STUART, SMITH and BOLIN, JJ., concur specially.
PARKER, J., recuses himself.