I concur in the opinion of the Court; I also join Justice Bolin's special concurrence.
The substantive issues presented by this appeal are of paramount concern to the people of Alabama. I find it hard to fathom that in a case of such importance, the State's motion for a new trial lingered below for over a year before a hearing was held on its merits. That, however, is what happened, and, unfortunately, as a result of the failure of the State to timely file this appeal, the critical issues presented here cannot now be reviewed.
In dismissing the State's appeal, we rely on a distinction between an agreement of the parties to continue a hearing on a postjudgment motion and an agreement of the parties to extend the pendency of that motion. Since this Court decidedHarrison v. Alabama Power Co., 371 So.2d 19 (Ala. 1979), we have held that only the latter — the express consent of the parties appearing of record to allow the motion to remain pending beyond the 90-day period — is sufficient to satisfy the requirements of Rule 59.1, Ala. R. Civ. P. Justice Maddox wrote persuasively in his dissent in Harrison
when he concluded that our interpretation of Rule 59.1 is "too technical, and, therefore, unjust." 371 So.2d at 21 (Maddox, J., dissenting). I agree with Justice Bolin that we should reconsider this troubled area of our civil procedure.
Regrettably, however, this is not the case in which to do so. Even if we were inclined to overrule Harrison and its progeny and conclude that an express agreement of the parties to continue the hearing on a postjudgment motion is sufficient to satisfy the provision of Rule 59.1 allowing an extension of the 90-day period upon the express consent of the parties, the result in this case would not change. Assuming each of the many continuances in this case satisfied this alternative approach to Rule 59.1, the last date to which the parties agreed to continue the hearing was June 3, 2005, and the State's appeal on August 11, 2005, would nevertheless be untimely. We have no choice, therefore, but to dismiss this appeal. *Page 1016 
Although our inability to review the decision below is lamentable, I agree with the other members of the Court that our hands are tied.
STUART, J., concurs.