Although I agree with the majority that, based on Rule 59.1, Ala. R. Civ. P., and relevant caselaw for the past 27 years, the State's appeal was untimely and should be dismissed, I write specially concerning two troubling aspects of this case.
The first aspect has to do with our strict interpretation of Rule 59.1, Ala. R. Civ. P. In a dissent in Harrison v.Alabama Power Co., 371 So.2d 19 (Ala. 1979), a case holding that a consent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to the extension of the 90-day period during which a postjudgment motion can remain pending, Justice Maddox stated:
 "Rule 59.1 was designed to force the trial judge to rule on post-trial motions. It was not designed as a trap by which a party could `consent' to a continuance, and then raise, by motion to dismiss, that the appeal was not timely.
 ". . . .
 "Rule 1, [Ala. R. Civ. P.], states that the civil rules are to be construed `to serve the just, speedy and inexpensive determination of every action.' I believe today's decision is too technical, and, therefore, unjust."
This warning, given not long after the adoption of the Alabama Rules of Civil Procedure, should have been heeded or at least rendered less critical in the almost 27 years since it was given, but the very fact that this appeal is being dismissed without any adjudication on the merits indicates that Justice Maddox's words are still pertinent, and that Rule 59.1 is still a trap for the unwary.
The Committee Comments on 1973 Adoption of Rule 59.1 state that "[t]his Rule is designed to remedy any inequities arising from the failure of the trial court to dispose of post-trial motions for unduly long periods." However, Rule 59.1 itself allows for the 90-day period during which a postjudgment motion can remain pending to be extended if all parties consent of record to the extension. Just as the continuance of any trial, hearing, or other matter carries with it the implied pendency of the underlying matter, so also should the agreement of all parties whose consent appears of record to continue a hearing on a motion for a new trial carry with it the pendency of the underlying motion itself. I agree with Justice Maddox's words of dissent in Harrison, supra, when he wisely notes that the interpretation given Rule 59.1 in Harrison is "too technical, and, therefore, unjust." Harrison,371 So.2d at 21. I suggest that this Court reexamine its decision inHarrison or amend Rule 59.1 to eliminate the trap.[1] *Page 1017 
The second aspect of this writing concerns the practical outcome of dismissing the appeal in accordance with the precedent established in Harrison. Redtop Market, Inc., filed this declaratory-judgment action on July 1, 2003, in the Bessemer Division of the Jefferson Circuit Court, seeking a determination that its "video-arcade machines" were not "gambling devices" subject to confiscation under state law. The defendant, the State of Alabama, filed an answer through District Attorney Arthur Green, and a trial was begun on January 14, 2004. A judgment was rendered on February 3, 2004, and entered on February 10, 2004, declaring that video-arcade machines known as "Fruit Holder," "Respin 7," and "Funny Fruit" were not games of chance and ordering that law enforcement "abstain from seizing or charging criminally any individuals operating or possessing" those machines.
On February 27, 2004, the State filed a "Motion for New Trial or Rehearing," which was summarily denied on March 8, 2004. Thereafter, on March 30, 2004, the March 8 order was set aside, and a hearing on the "Motion for New Trial or Rehearing" was set for May 14, 2004, 77 days after the motion was originally filed and within the 90-day period of Rule 59.1. However, on May 12, 2004, the trial court entered a bench note that stated that the "[c]ase is passed by agreement of the parties. Motion for new trial or rehearing is reset to August 11, 2004 at 8:15 a.m. Dan C. King, III, Judge." This entry made no mention of any express agreement of the parties to allow the motion to remain pending past the Rule 59.1 90-day period, which expired on May 27, 2004.
Thereafter, the motion was continued and reset eight more times, five of which continuances stated that they were by agreement of the parties and three of which were simply reset by the court. Before an order was rendered by the trial court on July 5, 2005, numerous other motions were filed by the parties and the trial court on June 16, 2004, added another video-gaming machine, the "Nudge," as a fourth approved video-gaming machine, even though no hearing was apparently held as to that machine and the expert testimony from the original hearing concerned only the "Fruit Holder" machine.[2]
The hearing on the State's "Motion for New Trial or Rehearing"[3] was finally held on April 20, 2005, and the trial court issued an order on July 5, 2005, purporting to deny the motion. However, each and every action taken by the parties and the trial court after May 27, 2004, occurred after
the trial court lost jurisdiction to entertain the motion.
In the present case, the unfortunate and regrettable result of the holding in Harrison that "consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to an extension of the 90-day period," 371 So.2d at 20-21, is that there will be no appellate review of this very important issue, i.e., whether these video-gaming machines were gambling devices. Also, the actions taken after May 27, 2004, when the trial court lost jurisdiction *Page 1018 
over this case, were a waste of time and judicial resources.
It has been almost 27 years since Harrison was decided, and we are still describing, as Justice Maddox foretold, Rule 59.1 as a trap for the unwary, and we continue to contradict the requirement of Rule 1 that the Rules of Civil Procedure are to be construed "to secure the just,
speedy and inexpensive determination of every action." Rule 1(c), Ala. R. Civ. P. (emphasis added).
NABERS, C.J., and SMITH, J., concur.
[1] A cursory review of Alabama appellate cases sinceHarrison was decided in 1979 reveals numerous appellate decisions in which the issue was whether the parties timely consented to an extension of the 90-day time period pursuant to Rule 59.1. See, e.g., Ex parte Bolen, 915 So.2d 565
(Ala. 2005); Ex parte Bodenhamer, 904 So.2d 294
(Ala. 2004); Ex parte Babyak, 895 So.2d 198 (Ala. 2004);Parsons v. Aaron, 849 So.2d 932 (Ala. 2002); Exparte Davidson, 782 So.2d 237 (Ala. 2000); Exparte Caterpillar, Inc., 708 So.2d 142 (Ala. 1997);Ex parte Sherer Timber Co., 612 So.2d 467 (Ala. 1992);Schiesz v. Schiesz, [Ms. 2041024, May 5, 2006] ___ So.2d ___ Ala.Civ.App. 2006); Moore v. Moore, 910 So.2d 137
(Ala.Civ.App. 2004); A.M.K. v. E.D., 826 So.2d 889
(Ala.Civ.App. 2002); Brown v. Brown, 808 So.2d 40
(Ala.Civ.App. 2001); HealthSouth Corp. v. BrookwoodHealth Servs., Inc., 814 So.2d 267 (Ala.Civ.App. 2000);Coastal Bail Bonds, Inc. v. Cope,
697 So.2d 48(Ala.Civ.App. 1996); McCurry v. Gold Kist, Inc.,647 So.2d 732 (Ala.Civ.App. 1993); Scheik v. Scheik,579 So.2d 674 (Ala.Civ.App. 1991); and Simmons v.Simmons, 390 So.2d 622 (Ala.Civ.App. 1980).
[2] On April 20, 2005, the trial court entered another bench note, purporting to sever the claim as to the "Nudge" from this case and giving it a new case number.
[3] The trial court in its order referred to this motion as a motion to alter, amend, or vacate, or, in the alternative, for a new trial.