To quote Justice Maddox's dissent in Harrison v. AlabamaPower Co., 371 So.2d 19, 21 (Ala. 1979), "today's decision [regarding case no. 2040789] is too technical, and therefore, unjust." I agree with the rationale as stated in Justice Bolin's special concurrence in State v. Redtop Market, Inc.,937 So.2d 1013, 1016 (Ala. 2006), and posit that perhaps this case will present an opportunity for the Supreme Court of Alabama to revisit its overly technical interpretation of Rule 59.1, Ala. R. Civ. P., regarding the adequacy of language expressing consent to extend the 90-day period for ruling on a postjudgment motion. I concur in the result solely because I am constrained by the precedents and the decisions of the Supreme Court of Alabama.Quality Cas. Ins. Co. v. Ruben, [Ms. 2050042, April 14, 2006] ___ So.2d ___,___ (Ala.Civ.App. 2006) ("[the Alabama Court of Civil Appeals] is bound by the precedents established by the Supreme Court of Alabama"); see also § 12-3-16, Ala. Code 1975.
THOMPSON, J., concurs.