Even though the parties referenced Rule 59.1, Ala. R. Civ. P., in their motion to extend the time for "thehearing," the parties did not expressly "`consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed by Rule 59.1, Ala.R.Civ.P.'"Ex parte Bolen, 915 So.2d 565, 569 (Ala. 2005) (quotingEx parte Bodenhamer, 904 So.2d 294, 295 (Ala. 2004)) (emphasis added). The supreme court has clearly articulated this requirement. State v. Redtop Market, Inc.,937 So.2d 1013 (Ala. 2006). However, I once again reemphasize my objection to this overly technical interpretation of Rule 59.1. My thoughts are best expressed in my special writing in Higginsv. Higgins, 952 So.2d 1144, 1149 (Ala.Civ.App. 2006): "To quote Justice Maddox's dissent in Harrison v. Alabama PowerCo., 371 So.2d 19, 21 (Ala. 1979), `today's decision . . . is too technical, and therefore, unjust.' I agree with the rationale as stated in Justice Bolin's special concurrence inState v. Redtop Market, Inc., 937 So.2d 1013, 1016
(Ala. 2006), and posit that perhaps this case will present an opportunity for the Supreme Court of Alabama to revisit its overly technical interpretation of Rule 59.1, Ala.R.Civ.P., regarding the adequacy of language expressing consent to extend the 90-day period for ruling on a postjudgment motion. I concur in the result solely because I am constrained by the precedents and the decisions of the Supreme Court of Alabama. QualityCos. Ins. Co. v. Ruben, 962 So.2d 234, 240
(Ala.Civ.App. 2006) (`[the Alabama Court of Civil Appeals] is bound by the precedents established by the Supreme Court of Alabama'); see also § 12-3-16, Ala. Code 1975."
THOMAS, J., concurs.