Brenda T. Bodenhamer appealed to the Court of Civil Appeals from the Baldwin *Page 295 
Circuit Court's amended judgment of divorce. That court affirmed the amended judgment in Bodenhamer v. Bodenhamer, 904 So.2d 289
(Ala.Civ.App. 2003). We granted certiorari to decide whether the trial court had jurisdiction to amend its original judgment. It did not; therefore, the amended judgment is void.
On March 18, 2002, the trial court entered a judgment divorcing Brenda from George Randall Bodenhamer. George then filed a motion on March 26, 2002, to alter, amend, or vacate the judgment; on April 4, 2002, he amended the motion to alter, amend, or vacate the judgment. George later moved the trial court to extend the time for ruling on his postjudgment motion. A letter from Brenda's attorney attached to George's motion seeking an extension of time stated: "I agree to extend the ninety (90) day period for the hearing on your motion in the above-referenced matter." (Emphasis added.)
The trial court granted George's motion and extended the time to rule on George's postjudgment motion "until such time as the court may set the same for a hearing and may thereafter be ruled upon by the court." A hearing was held on the postjudgment motion on October 17, 2002. Thereafter, on January 16, 2003, the trial court entered an amended judgment of divorce.
Brenda appealed, claiming, among other things, that the trial court lacked jurisdiction on January 16, 2003, to amend its March 18, 2002, judgment because George's postjudgment motion had been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. The Court of Civil Appeals affirmed the trial court's amended judgment.
Rule 59.1 provides, in pertinent part:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, . . . and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
Brenda admits that she expressly consented on the record to extend the time for the hearing on George's postjudgment motion. However, Brenda contends that because she did not expressly consent on the record to an extension of the pendency of George's postjudgment motion beyond the 90-day period, the motion was denied by operation of law the day following the hearing.
In Harrison v. Alabama Power Co., 371 So.2d 19 (Ala. 1979), this Court addressed the same issue presented here: whether express consent to extend the time allowed under Rule 59.1 for a hearing on a postjudgment motion, without express consent also to extend the time for ruling on that motion, extends the time for ruling on the postjudgment motion. In Harrison, we held that it did not. As we stated, "consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to an extension of the 90-day period."Harrison, 371 So.2d at 20-21. (Emphasis omitted.)
In accordance with Harrison, we hold that consent to extend the time for a hearing on a postjudgment motion does not equate to consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P. Because Rule 59.1 allows *Page 296 
that period to be measured from the date a postjudgment motion was amended, so long as the amendment was filed within 30 days of the entry of the judgment, Ex parte Cleveland Consolidated,Inc., 435 So.2d 1285, 1287 (Ala. 1983), the trial court had 90 days from April 4, 2002, in which to rule on George's postjudgment motion. The trial court did not enter its amended judgment until more than 90 days later; therefore, it lacked jurisdiction to enter that amended judgment.
Because we find that the trial court lacked jurisdiction to enter the amended judgment, we need not address Brenda's additional arguments. The amended judgment is hereby vacated and the original judgment of March 18, 2002, is reinstated.
JUDGMENT VACATED AND CAUSE REMANDED.
NABERS, C.J., and LYONS, BROWN, WOODALL, and STUART, JJ., concur.
SEE, JOHNSTONE, and HARWOOD, JJ., concur in the result.