Dianne Gunnison-Mack ("Mack") appeals from a judgment of the Montgomery Circuit Court affirming the decision of the *Page 320 
Alabama State Personnel Board ("the Board") denying her motion for a declaratory ruling. We dismiss the appeal because we lack jurisdiction.
The following facts are pertinent to this appeal. Mack was employed as the County Director of the Pike County Department of Human Resources ("DHR"). She was discharged from that position on July 14, 2000. The Board affirmed the termination of her employment. The Montgomery Circuit Court upheld the dismissal, and this court affirmed the Montgomery Circuit Court's decision without an opinion on September 26, 2003. See Gunnison-Mack v.State Personnel Bd., 891 So.2d 441 (Ala.Civ.App. 2003) (table).
Following the decisions upholding the termination of her employment, Mack requested a declaratory ruling from the Board to have a notation indicating that she was not recommended for rehiring removed from her personnel record. She argued, among other things, that that notation prevented her from being able to obtain employment with the State of Alabama.
The Board denied Mack's request for a declaratory ruling, a decision that Mack appealed to the Montgomery Circuit Court. After Mack and the Board and DHR submitted briefs, the trial court heard oral argument. On June 9, 2004, the trial court entered an order affirming the Board's determination.[1] On July 19, 2004, Mack filed a motion to alter, amend, or vacate the judgment, see Rule 59, Ala. R. Civ. P., which the trial court denied on July 22, 2004. Mack filed her notice of appeal on September 1, 2004.
Although neither side has raised an issue with regard to the timeliness of this appeal, "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so evenex mero motu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210,211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711,712 (Ala. 1987)). "The timely filing of a notice of appeal is a jurisdictional act." Marsh v. Marsh, 852 So.2d 161, 163
(Ala.Civ.App. 2002). "Although a timely postjudgment motion will toll the 42-day time period for filing a notice of appeal, an untimely filed postjudgment motion will not do so." Id.
On June 9, 2004, the trial court affirmed the Board's decision denying Mack's motion for declaratory relief. Because the trial court's June 9 order disposed of all issues relative to the matter, it was a final order that was appealable to this court.See Ala. Code 1975, §§ 12-3-10 and 41-22-21. Although Rule 59(e) requires litigants to file motions to alter, amend, or vacate a judgment within 30 days of the entry of the judgment, Mack did not file her postjudgment motion seeking such relief until July 19, 2004, 40 days after the entry of the judgment. Because the motion was untimely, it did not toll the time in which to file a notice of appeal. See Marsh, 852 So.2d at 163.
Ala. Code 1975, § 41-22-21, provides that litigants have 42 days from the entry of a trial court's final judgment to file an *Page 321 
appeal of that judgment with the appropriate appellate court. In the present case, to be timely, Mack should have filed her notice of appeal on or before July 21, 2004, the 42d day following the entry of the June 9 judgment. She did not file her notice of appeal until September 1, 2004; thus, her notice of appeal is untimely.
Because this court cannot acquire jurisdiction over untimely filed appeals, we must dismiss this appeal for lack of appellate jurisdiction. See Rule 2(a)(1), Ala. R.App. P.; and Boykin v.International Paper Co., 777 So.2d 149, 151 (Ala.Civ.App. 2000).
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] The trial court did not indicate the date its three-page judgment was rendered. However, the judgment includes a stamp from the circuit clerk indicating that the trial court filed its judgment with the circuit clerk on June 9, 2004, which, under Rule 58(c), Ala. R. Civ. P., constituted entry of the judgment. Furthermore, the case action summary includes a June 22, 2004, entry indicating that the trial court entered its judgment in the case on June 9, 2004, and that the trial court disposed of the case on that day. In her July 19, 2004, motion to alter, amend, or vacate the judgment, Mack refers to the trial court's judgment as having been entered on June 22, 2004. On appeal, however, she properly lists the date of entry of the trial court's judgment as June 9, 2004.