964 So.2d 672 (2006)
Matthew K.L. BURGE
v.
Robin Burnette HAYES.
No. 2040829.
Court of Civil Appeals of Alabama.
May 26, 2006.
Rehearing Denied February 16, 2007.
Certiorari Denied April 13, 2007.
*673 M. Virginia Buck, Northport, for appellant.
Charles A. Langley of Holder, Moore, Lawrence & Langley, P.C., Fayette, for appellee.
Alabama Supreme Court 1060787.
MURDOCK, Judge.
Matthew K.L. Burge, the father, appeals from a Fayette Circuit Court judgment awarding Robin Burnette Hayes, the maternal grandmother, custody of the father's eight-year-old daughter. The judgment awarded the father and the child's mother, Tonyea Bridget Burnette Huffman, visitation. The mother has not appealed from the judgment.
The mother became pregnant by the father while they were in high school. Their daughter was born in January 1995. Thereafter, the father and mother's romantic relationship ended. The mother subsequently married Robert Dewayne Huffman. In 1998, the father enlisted in the United States Air Force; he was still serving in the Air Force at the time of trial.
In August 1999, the maternal grandmother filed a petition in the Fayette Circuit Court against the mother; the petition alleged that the mother's husband had physically abused the child and that the mother feared her husband.[1] The maternal grandmother also alleged that she believed the mother's husband had sexually abused the child. The maternal grandmother requested that the circuit court award her pendente lite custody of the child, that it award her custody of the child after a final hearing, and that it require the mother to pay child support.
A few days after the maternal grandmother filed her petition, the circuit court conducted a hearing and entered an order awarding the maternal grandmother pendente lite custody of the child. After an *674 additional hearing, the circuit court also ordered the Department of Human Resources ("DHR") to perform home studies on the maternal grandmother's home and on the mother's home, and it authorized weekend visitation by the mother.[2] Further, the circuit court issued restrictions as to the child's contact with the mother's husband. The circuit court subsequently suspended the mother's visitation rights based on alleged violations of its order as to contact between the child and the mother's husband.
The trial in this action was continued on several occasions, and eventually the case was placed on the circuit court's administrative docket. In June 2004, the father filed a motion to intervene, and he requested that the circuit court place the case on its active docket. The father also filed a petition requesting that he be awarded custody of the child. Thereafter, the circuit court granted the father's motion to intervene and it placed the case on its active docket.
The trial court conducted an ore tenus proceeding in November 2004. On January 13, 2005, it entered a judgment awarding the maternal grandmother custody of the child, awarding the mother and the father visitation with the child, and requiring the father and the mother to pay child support to the maternal grandmother. We note that the trial court specifically found that the father had voluntarily relinquished custody of the child and that the mother was unfit to have custody of the child.
The maternal grandmother filed a postjudgment motion. Thereafter, on February 9, 2005, the father filed a postjudgment motion. The trial court set the postjudgment motions for a hearing to be held on April 6, 2005.
In mid-March 2005, the mother's counsel filed a motion to withdraw as her attorney. The trial court granted the motion a few days later.
On March 31, 2005, the father's attorney and the maternal grandmother's attorney filed a "Joint Motion to Continue," requesting that the hearing on their postjudgment motions be continued because the father's attorney had a trial in another county on the scheduled hearing date. The motion stated that the guardian ad litem concurred with the request and that the mother's attorney was provided with a "courtesy copy" of the motion because the attorney had withdrawn from representing the mother. The motion requested that the trial court "continue and specially set the [postjudgment] Motions." The trial court thereafter set the postjudgment motions for a hearing to be held on May 31, 2005.
On June 3, 2005, the trial court entered an order stating that it had heard arguments on the postjudgment motions on May 31, 2005. The order purported to amend the January 2005 judgment by modifying the father's visitation rights. On June 22, 2005, the father filed his notice of appeal.
On appeal, the father contends that the trial court erred by awarding custody of the child to the maternal grandmother. We do not reach the merits of the father's *675 appeal, however, because the appeal is due to be dismissed as being untimely filed.
Neither party has raised an issue relating to the timeliness of the father's appeal. Nonetheless, "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). The timely filing of a notice of appeal is a jurisdictional act. Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ. App.1985).
Subject to certain exceptions that are not applicable in this case, Rule 4(a)(1), Ala. R.App. P., requires that in all cases in which an appeal is permitted, the notice of appeal shall be filed within 42 days of the entry of the judgment or order appealed from. Rule 4(a)(3), Ala. R.App. P., states that a postjudgment motion filed pursuant to Rule 59, Ala. R. Civ. P., will suspend the time for filing a notice of appeal until (1) the date such motion is granted or denied or (2) the date the motion is deemed denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P. In pertinent part, Rule 59.1 states that
"[n]o post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record. . . . A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
(Emphasis added.)
As this court stated in Moore v. Moore, 910 So.2d 137, 140 (Ala.Civ.App. 2004):
"A trial court loses jurisdiction to rule on a postjudgment motion if it does not rule on the motion within the time prescribed by Rule 59.1. See Ex parte Caterpillar, Inc., 708 So.2d 142, 143 (Ala.1997). Also, our courts have held that any extension of the 90-day period provided in Rule 59.1 `must be of record before the 90-day period expires, because any purported extension after the 90 days is a nullity.' Id. (emphasis added); see also Newman v. Newman, 773 So.2d 481, 483 (Ala.Civ.App.1999); and Scheilz v. Scheilz, 579 So.2d 674, 675 (Ala.Civ.App.1991)."
We further note that our Supreme Court has held that any consent to an extension of the 90-day period provided in Rule 59.1 must reflect the parties' "consent to extend the pendency of the postjudgment motion beyond the 90-day period" not just their "consent to extend the time for a hearing on a postjudgment motion." Ex parte Bodenhamer, 904 So.2d 294, 295 (Ala.2004).
In the present case, the father's postjudgment motion was filed on February 9, 2005. The "Joint Motion to Continue" filed by the father and the maternal grandmother did not satisfy the requirements of Rule 59.1(1) because it did not reflect the express consent of the mother, who was a party to the present case, and (2) because it reflects only a consent to continue the hearing on the postjudgment motion; it does not express the parties' consent to extend the pendency of the postjudgment motion beyond the 90-day period. Thus, the "Joint Motion to Continue" did not extend the 90-day time period prescribed in Rule 59.1.
In light of the foregoing, the father's postjudgment motion was denied by operation of law on May 10, 2005. He had 42 days from the date that his postjudgment motion was denied by operation of law to *676 file a notice of appeal. The final date on which the father could have filed an effective notice of appeal was June 21, 2005. He filed his notice of appeal on June 22, 2005.
Rule 2(a)(1), Ala. R.App. P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." We therefore have no alternative but to, and we hereby do, dismiss this appeal.
APPEAL DISMISSED.
CRAWLEY, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMPSON, J., concurs in the result, without writing.
NOTES
[1] The father admitted that he had requested that the maternal grandmother seek "temporary" custody of the child because he was not able to care for the child at the time.
[2] Although the record reflects that DHR previously had been involved with the child, there is nothing in the record to suggest that a dependency proceeding had been filed as to the child in the past or that the maternal grandmother sought to institute a dependency proceeding. See Ala.Code 1975, § 12-15-1 et seq. Instead, this proceeding is a custody action between the child's parents and a nonparent, which was properly litigated in the circuit court.