Richard E. Durr ("the husband"), acting pro se, appeals from a judgment entered by the Mobile Circuit Court divorcing him from Debra S. Durr ("the wife") and dividing the marital property. We dismiss the appeal for lack of appellate jurisdiction.
In April 2004, the wife filed the present action seeking a divorce from the husband on the ground of incompatibility of temperament. The husband filed an answer and a counterclaim, alleging that there had been an irretrievable breakdown of the marriage and that the wife had fraudulently and deceptively enticed him into the *Page 140 
marriage and had fraudulently enticed him to spend large sums of money on her behalf.[1]
In November 2004, after an ore tenus proceeding, the trial court entered a judgment that, among other things, awarded the wife the marital residence, which she had owned before the parties married. The husband filed a timely motion to alter, amend, or vacate the judgment, see Rule 59(e), Ala. R. Civ. P., asserting that the trial court had erred in not requiring the wife to repay $25,000 that the husband had paid to satisfy a second mortgage on the marital residence. After a hearing on the husband's postjudgment motion, the trial court entered an order on March 10, 2005, denying that motion.
On March 31, 2005, the husband filed a second postjudgment motion seeking a new trial or, in the alternative, to amend the judgment. The trial court purported to deny this second postjudgment motion after a hearing conducted on June 13, 2005. On July 22, 2005, the husband filed a notice of appeal. We do not reach the merits of the husband's appeal because we conclude that the appeal is due to be dismissed as having been untimely filed.
The timely filing of a notice of appeal is a jurisdictional act.Gunnison-Mack v. State Pers. Bd., 923 So.2d 319, 320
(Ala.Civ.App. 2005). Subject to exceptions not applicable here, a notice of appeal must be filed within 42 days after entry of the judgment or order from which the appeal is taken. Rule 4(a)(1), Ala. R.App. P. Rule 4(a)(3), Ala. R.App. P., states that the filing of a postjudgment motion under Rule 59, Ala. R. Civ. P., will suspend the time for filing an appeal until the date such motion is granted or denied or until the date the motion is denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.[2] Neither Rule 4(a)(3) nor any other rule, however, gives similar effect to a subsequent request seeking the trial court's reconsideration of its denial of an earlier Rule 59 motion. Consequently, it long has been held that "while a Rule 59 motion tolls the time for taking an appeal, a subsequent request, by whatever label, seeking the trial court's reconsideration of its ruling on the former Rule 59 motion, does not operate to further toll the time for the appeal."Sunshine Homes, Inc. v. Newton, 443 So.2d 921, 923
(Ala. 1983), rev'd on other grounds, Ex parte Mutual Sav.Life Ins. Co., 765 So.2d 649 (Ala. 1998). See alsoWilger v. Department of Pensions Sec, 343 So.2d 529
(Ala.Civ.App. 1977).
The 42-day period in which to file an appeal began to run when the trial court denied the husband's first postjudgment motion on March 10, 2005. The husband's notice of appeal was filed on July 22, 2005, more than 42 days after the entry of that denial. Thus, the husband's notice of appeal was filed untimely and we must dismiss the appeal for lack of appellate jurisdiction.Gunnison-Mack, supra.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] The parties met in April 2003 and were married in July 2003.
[2] The husband did not argue to the trial court, and does not argue on appeal, that his March 31, 2005, motion should be treated as a motion for relief from the judgment under Rule 60(b), Ala. R. Civ. P. Moreover, on appeal the husband has not made any argument for or cited any authority justifying relief pursuant to Rule 60(b). *Page 141