976 So.2d 447 (2007)
Pamela Brown TRAYLOR
v.
Anthony Lee TRAYLOR.
2060156.
Court of Civil Appeals of Alabama.
June 15, 2007.
*448 Jan Schroeder Grand and Catherine R. Steinwinder of Law Offices of Judy H. Barganier, P.C., Montgomery, for appellant.
John W. Kelly III of Kelly & Kelly, Selma, for appellee.
MOORE, Judge.
Pamela Brown Traylor ("the mother") appeals from the trial court's judgment in an action brought pursuant to the Alabama Parent-Child Relationship Protection Act, § 30-3-160 et seq., Ala.Code 1975. We dismiss the appeal for lack of jurisdiction.
The mother and Anthony Lee Traylor ("the father") were divorced by a judgment of the Dallas Circuit Court on July 6, 2005. Pursuant to the divorce judgment, the mother was awarded primary physical custody of the parties' child and the father was awarded visitation. The parties were granted joint legal custody of the child. On March 7, 2006, the mother, pursuant to § 30-3-166, Ala.Code 1975, gave the father notice of the proposed change of residence of the child. On March 13, 2006, the father filed a pleading objecting to the mother's notice, requesting a modification of custody, and seeking an injunction preventing the mother from changing the child's residence. In his pleading, the father stated that the proposed change of the child's residence constituted a material change in circumstances that would support a modification of the existing custody order. On March 28, 2006, the mother filed her answer. She amended her answer on May 22, 2006.
On June 1, 2006, the trial court entered a judgment granting the father's objection to the proposed change of residence and enjoining the mother from changing the child's residence. With regard to the father's request to modify custody, the trial court noted that the mother had indicated that she would not change the child's residence if the trial court granted the father's objection to the proposed change in residence; however, the trial court stated that upon notification that the mother did, in fact, intend to change her residence, it would "retain jurisdiction of this cause for the purpose of entering such orders as may be necessary and appropriate."
On June 7, 2006, the mother filed a motion for a new trial or, in the alternative, to alter, amend, or vacate the court's June 1, 2006, judgment. On June 13, 2006, the trial court set the mother's motion for a hearing on August 7, 2006. On June 14, 2006, the father filed an "objection" to the mother's motion for a new trial. In his objection, he stated that the mother had limited his visitation from what had been customary before the hearing in this case. He also alleged that he believed that the mother had pressured the child with regard to the case. He averred:
"Should this conduct continue, . . . it will materially promote the best interest of [the child] to remove her custody from [the mother] and place her physical custody with her father, with [the mother] having reasonable visitation. [The father] further contends that it would be appropriate for this Court to require that the status quo remain in effect, in *449 all respects, as it existed prior to the commencement of this proceeding with regard to [the child]."
Apparently, the trial court did not conduct a hearing on the mother's postjudgment motion in August 2006. On August 22, 2006, the mother and the father jointly filed a "Motion to Extend Time for Hearing on Motion for New Trial." In their motion, the mother and the father stated:
"Come now the plaintiff, Pamela Brown Traylor, by and through her attorney of record, Philip Henry Pitts, and the defendant, Anthony Lee Traylor, by and through his attorney of record, John W. Kelly, III, and file this their consent under Rule 59.1 of the Alabama Rules of Civil Procedure to extend the time for the hearing on the Motion For New Trial Or In The Alternative, To Alter, Amend or Vacate the court's order of May 31, 2006, from September 5, 2006, until September 29, 2006."[1]
(Emphasis added.)
On that same day, the trial court entered an order stating:
"The above consent of the parties having been presented to the court and the court having considered the same is of the opinion that the time for hearing the plaintiff's motion for new trial filed under rule 59 of the Alabama Rules of Civil Procedure shall be extended in accordance with Rule 59.1 from September 5, 2006, until September 29, 2006."
(Emphasis added.) On September 8, 2006, the trial court held a hearing on the mother's postjudgment motion, and on September 27, 2006, the trial court purported to deny the motion. The mother filed her notice of appeal on November 8, 2006.
Even though not addressed by either party, this court must first determine whether it has jurisdiction over this appeal. "Jurisdictional matters are of such importance that a court may take notice of them ex mero motu." McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004). "`The timely filing of a notice of appeal is a jurisdictional act.'" Gunnison-Mack v. State Pers. Bd., 923 So.2d 319, 320 (Ala.Civ.App.2005) (quoting Marsh v. Marsh, 852 So.2d 161, 163 (Ala.Civ.App.2002)). "Subject to exceptions not applicable here, a notice of appeal must be filed within 42 days after entry of the judgment or order from which the appeal is taken." Durr v. Durr, 961 So.2d 139, 140 (Ala.Civ.App.2006) (citing Rule 4(a)(1), Ala. R.App. P.).
Rule 59.1, Ala. R. Civ. P., provides:
"No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
In the present case, the parties expressly consented on the record to extend *450 the time for a hearing on the mother's postjudgment motion. Our Supreme Court, however, has held that "consent to extend the time for a hearing on a postjudgment motion does not equate to consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P." Ex parte Bodenhamer, 904 So.2d 294, 295 (Ala.2004); see also Burge v. Hayes, 964 So.2d 672, 675 (Ala.Civ.App. 2006). Accordingly, the joint motion to extend the time for a hearing on the mother's postjudgment motion did not extend the 90-day period for the motion to remain pending as provided in Rule 59.1, and the trial court had 90 days from June 7, 2006, the date the mother filed her postjudgment motion, to rule on that motion. Burge, 964 So.2d at 675. At the expiration of 90 days, i.e., on September 5, 2006, the mother's postjudgment motion was denied by operation of law. Burge, 964 So.2d at 675. The mother had 42 days from September 5, 2006, to file her notice of appeal. The 42-day period expired on October 17, 2006, but the mother did not file her notice of appeal until November 8, 2006, 64 days after her postjudgment motion had been denied by operation of law. Therefore, the notice of appeal was untimely filed, and we must dismiss the appeal for lack of appellate jurisdiction. Gunnison-Mack, supra.
APPEAL DISMISSED.
PITTMAN, J., concurs.
BRYAN, J., concurs in the result, with writing, which THOMAS, J., joins.
THOMPSON, P.J., dissents, with writing.
BRYAN, Judge, concurring in the result.
Even though the parties referenced Rule 59.1, Ala. R. Civ. P., in their motion to extend the time for "the hearing," the parties did not expressly "`consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P.'" Ex parte Bolen, 915 So.2d 565, 569 (Ala.2005) (quoting Ex parte Bodenhamer, 904 So.2d 294, 295 (Ala.2004)) (emphasis added). The supreme court has clearly articulated this requirement. State v. Redtop Market, Inc., 937 So.2d 1013 (Ala.2006). However, I once again reemphasize my objection to this overly technical interpretation of Rule 59.1. My thoughts are best expressed in my special writing in Higgins v. Higgins, 952 So.2d 1144, 1149 (Ala.Civ.App.2006):
"To quote Justice Maddox's dissent in Harrison v. Alabama Power Co., 371 So.2d 19, 21 (Ala.1979), `today's decision . . . is too technical, and therefore, unjust.' I agree with the rationale as stated in Justice Bolin's special concurrence in State v. Redtop Market, Inc., 937 So.2d 1013, 1016 (Ala.2006), and posit that perhaps this case will present an opportunity for the Supreme Court of Alabama to revisit its overly technical interpretation of Rule 59.1, Ala. R. Civ. P., regarding the adequacy of language expressing consent to extend the 90-day period for ruling on a postjudgment motion. I concur in the result solely because I am constrained by the precedents and the decisions of the Supreme Court of Alabama. Quality Cas. Ins. Co. v. Ruben, 962 So.2d 234, 240 (Ala. Civ.App.2006) ('[the Alabama Court of Civil Appeals] is bound by the precedents established by the Supreme Court of Alabama'); see also § 12-3-16, Ala. Code 1975."
THOMAS, J., concurs.
THOMPSON, Presiding Judge, dissenting.
I respectfully dissent from the main opinion's finding that the parties' agreement *451 in this case did not satisfy the requirements of Rule 59.1, Ala. R. Civ. P. I believe that the facts of this case are distinguishable from those in Ex parte Bodenhamer, 904 So.2d 294 (Ala.2004), and Burge v. Hayes, 964 So.2d 672 (Ala.Civ. App.2006). In Bodenhamer, the parties agreed only to extend "`the ninety (90) day period for the hearing.'" 904 So.2d at 295. In Burge, one party's consent did not appear of record and what consent existed related only to "the hearing." 964 So.2d at 675. Here, the parties expressly agreed, of record, to extend the time for the hearing "under Rule 59.1 of the Alabama Rules of Civil Procedure." Rule 59.1 provides a means for the extension of the 90-day period that a postjudgment motion may remain pending before the trial court. By express reference to Rule 59.1, I believe that the parties clearly stated their consent and intent to extend the pendency of the postjudgment motion pursuant to that rule. I, therefore, dissent.
NOTES
[1] The record does not indicate that the trial court had set the mother's postjudgment motion for a hearing on September 5, 2006; however, pursuant to Rule 59.1, Ala. R. Civ. P., absent a valid agreement of the parties extending the time to rule on the mother's postjudgment motion, the 90-day period to rule on the mother's postjudgment motion was set to expire on September 5, 2006.