I respectfully dissent from the main opinion's finding that the parties' agreement *Page 451 
in this case did not satisfy the requirements of Rule 59.1, Ala.R.Civ.P. I believe that the facts of this case are distinguishable from those in Ex parte Bodenhamer,904 So.2d 294 (Ala. 2004), and Burge v. Hayes, 964 So.2d 672
(Ala.Civ.App. 2006). In Bodenhamer, the parties agreed only to extend "`the ninety (90) day period for thehearing.'" 904 So.2d at 295. In Burge, one party's consent did not appear of record and what consent existed related only to "the hearing." 964 So.2d at 675. Here, the parties expressly agreed, of record, to extend the time for the hearing "under Rule 59.1 of the Alabama Rules of Civil Procedure." Rule 59.1 provides a means for the extension of the 90-day period that a postjudgment motion may remain pending before the trial court. By express reference to Rule 59.1, I believe that the parties clearly stated their consent and intent to extend the pendency of the postjudgment motion pursuant to that rule. I, therefore, dissent.