PITTMAN, Judge.
These appeals (transferred to this court by our supreme court pursuant to Ala. Code 1975, § 12-2-7(6)) arise from a civil action' brought in the Monroe Circuit Court by C. Dwayne Stokes (“the employee”). In his original complaint, filed in March 2011, the employee asserted a single claim seeking an award of benefits under the Alabama Workers’ Compensation Act, Ala.Code 1975, § 25-5-1 et seq. (“the Act”), against his former employer, Frisco Forest Products, LLC (“the employer”); that complaint contained no demand for a trial by jury, because the Act provides that claims as to benefits available under the Act are to be decided by the trial judge sitting without a jury. See Ala.Code 1975, § 25-5-89. In July 2011, the employee amended his complaint to add claims of negligence and wantonness against a number of third parties — Fulg-hum Fibres, Inc. (“Fulghum”); Alphonso Gross; Jeffrey Stanford; Bryan Madden; Robert Maxwell; John Straiton; and various fictitiously named defendants — who, the employee alleged, had breached duties of care so as to have proximately caused the employee’s purported workplace injury. In his amended complaint,-the employee demanded a jury trial “of all issues ... which [we]re triable to a jury,” and the trial court-set the case for a jury trial to take place in August 2012.
Before that trial took place, Stanford, Madden, Maxwell, and Straiton filed in July 2012 a motion for a summary judgment as to all claims asserted against them. A “memorandum of fact and law” was subsequently filed in support of that motion; however, that filing listed Fulg-hum and Gross as additional movants. The trial court entered an order on August 8, 2012, granting the motion as to Stanford, Madden, Maxwell, and Straiton, but it denied the motion as to all other defendants; however, the trial court did not direct the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., as to that partial summary judgment.
'The case then went to trial on the negligence claim[1] against Fulghum and Gross, with the employee and those defendants presenting evidence and arguments and the employer additionally participating by way of limited questioning and argument addressed to the location of the employee at the time his alleged injury occurred: At the conclusion of the trial, the jury was given a verdict form containing the following textual groupings, setting forth three alternative findings:
“We, the jury, find in favor óf the plaintiff [employee] and against the defendants and assess the plaintiffs damages at $_
“We, the' jury, find for the plaintiff and against the following defendant^):
“1. Alfonso [sic] Gross
“2. Fulghum Fibres, Inc.
“and assess the plaintiffs damages at $-[1]
“We, the jury, further find in favor of the following defendant(s):-
“1. Alfonso [sic] Gross
“2. Fulghum Fibres, Inc.”
After jury deliberations took place, the foreperson of the jury reported that the jury had reached a verdict, and the foreperson returned the verdict form to the trial court. The form, as completed, bore a handwritten circle around the name of “Fulghum Fibres, Inc.” in the second textual grouping, and the damages figure of “$65,000” immediately thereafter; neither the second nor the third textual grouping *972 bore any markings in the proximity of Gross’s name. The trial court directed the clerk to “publish the verdict,” at which time the clerk stated the verdict as: “We, the jury[,] find for the plaintiff and against the following defendant, Fulghum Fib[re]s Incorporated and assess the [pjlaintiffs damages at sixty-five thousand dollars.” The trial court then polled the jury, and each juror responded that the verdict was his or her own verdict; however, no order or judgment on the jury’s verdict was immediately entered by the trial court.
The employee thereafter filed a motion seeking a new trial as to the negligence claims. In his motion, the employee contended (a) that the jury had returned no verdict at all as to Gross’s liability; (b) that, in the alternative, if the jury’s verdict were interpreted as a verdict in Gross’s favor, the verdict as a whole was inherently inconsistent; and (c) that the jury had awarded inadequate damages as a matter of law. Gross and Fulghum filed a response in opposition to the employee’s motion, asserting that the jury verdict was neither incomplete nor inconsistent, that the verdict did not award inadequate damages, and that the employee’s objections were untimely. On December 4, 2012, the trial court entered an order granting a new trial on the inadequate-damages ground cited by the employee in his motion.
On January 3, 2013, Gross and Fulghum filed a motion seeking reconsideration of the order granting a new trial and, noting the pendency of the workers’ compensation claim against the employer, requesting that the trial court instead direct the entry of a final judgment pursuant to Rule 54(b) in favor of Gross and against Fulghum so as to reflect, in the moving parties’ view, the apparent intent of the jury. That motion was denied on January 8, 2013, immediately before the circuit judge who had presided over the trial of the action left office; that judge’s successor in office re-cused himself, and the case was assigned by the Chief Justice of the Alabama Supreme Court to another judge. Gross and Fulghum renewed their motion to vacate the order granting a new trial and for the entry of a final judgment, and the trial court set the case for a status and motion hearing to be held in August 2013. On September 17, 2013, the trial court entered an order that vacated the December 4, 2012, order granting a new trial; found that a judgment was due to be entered in the employee’s favor for $65,000 on his claim against Fulghum and entered in Gross’s favor on the employee’s claim against Gross; determined that there was no just reason for delay; directed the immediate entry of a final judgment as to those rulings as to less than all claims against all parties pursuant to Rule 54(b); and set the workers’ compensation matter for a subsequent hearing..
On October 17, 2013, the 30th day after the entry of the September 17, 2013, judgment, the employee filed a motion directed to that judgment in which he sought an order granting him a new trial as to his claims against Gross and Fulghum. Unlike the previous motions filed by the parties after the rendition of the jury’s verdict, which were subject to the power held by trial courts to revisit their interlocutory orders at any time, see Rule 54(b), Ala. R. Civ. P., the employee’s October 17, 2013, motion was a true postjudgment motion cognizable under Rule 59(a), Ala. R. Civ. P., because it was aimed at obtaining relief with respect to a final judgment. See Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999) (“[A] Rule 59 motion may b,e made only in reference to a final judgment or order.”). No other timely postjudgment motions were filed as to the September .17, 2013, final judgment. On October 29, 2013, the trial court requested *973 that it be provided a transcript of the original trial proceedings and directed that proceedings on the workers’ compensation claim be continued generally pending a ruling on the October 17, 2013, new-trial motion.
Rule 59.1, Ala. R. Civ. P., provides as follows:
“No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such, motion as of the date of the expiration of the period.”
(Emphasis added.)
On January 15, 2014, the 90th day after the filing of the employee’s postjudgment motion, a document was filed in the trial court captioned as a “Notice of Consent of All Parties for Rule 59.1 Extension to Rule on Post-Trial Motions.” That filing states that the parties, “by signing (or giving permission for signing) th[e] Notice of Consent,” had given consent to a 60-day extension of time for the trial court to rale on the pending postjudgment motion. The “Notice of Consent” was signed by counsel on behalf of “Plaintiff’ (ie., the employee) and was also signed by the employee’s counsel on behalf of counsel for “Frisco Forest Products, LLC” (ie., the employer) and “Fulghum Fibres, Inc.,” with the language “(with permission)” added to the pertinent signature-lines.-' Notably, however, no signature by or on behalf of Gross appears bn the “Notice of Consent” despite the fact that that notice purported to constitute the consent'of-“all parties to th[e] matter.” Despite that omission, the trial court entered an order- on February 3, 2014, purporting' to' grant' the post-judgmént motion'and to order a'new trial as to the employee’s Claims against Gross and Fulghum.
In similar, cases involving a failure of an appellate record to. affirmatively demonstrate the consent of all parties to a judgment to an extension of the 90-day period set forth in Rule 59.1, this court has ruled that such omissions compel the conclusion that the pertinent postjudgment motion is automatically denied as of the expiration of the period. For example, in HealthSouth Corp. v. Brookwood Health Services, Inc., 814 So.2d 267 (Ala.Civ.App.2000), which involved judicial review pursuant to Ala. Code 1975, § 41-22-20, of an administrative order entered by- a particular governmental agency, one. of. the. contestants, filed a paper indicating that party’s consent to waive the 90-day period, and a second party subsequently filed a paper indicating its consent;- however, consent of the pertinent state agency, which, was also a party to. the judicial-review proceedings,[2] was not shown of record. We concluded that the postjudgment motion was denied by operation of law after the expiration of 90 days because of, among other things, the absence of the express consent of the state agency. 814 So.2d at 268, To like effect is A.M.K. v. E.D., 826 So.2d 889 (Ala.Civ.App.2002), in. which the .State of Alabama participated as a party to. an action in which one of the other parties had sought *974 a finding that a,particular statute was unconstitutional, yet the State did not expressly consent to the extension of the -90-day period set forth in .Rule, 59.1 for-ruling upon a postjudgment motion that, had been filed by another party; we held in that case that the. postjudgment motion, had been denied by operation of law 90 days after its filing. 826 So.2d at 890. See also Burge v. Hayes, 964 So.2d 672, 675 (Ala. Civ.App.2006) (filing by two parties did not satisfy express-consent exception to automatic-denial rule because, among other things, it did not' reflect a third party’s consent);
Based upon the plain language of Rule 59.1 and the foregoing case authority, we must conclude in this case that the employee’s postjudgment motion was denied by operation of law on January 15, 2014.[3] Further; although the filing of a post-judgment motion pursuant to Rule 59, Ala. R. Civ. P., will suspend the time for filing a notice of appeal, the time for taking an appeal begins running “from the date of denial of such motion by operation of law, as provided for in Rule 59.1.” Rule 4(a)(3), Ala. R.App. P. In this case, no party filed a- notice of- appeal on or before February 26, 2014, ie., within 42 days of the denial of the employee’s postjudgment motion, as is required by Rule 4(a)(1), Ala. R.App. P., in order for an appellate court to have jurisdiction to consider an appeal.
In this case, Fulghum and Gross filed a notice of appeal on March 14, 2014. That appeal was taken more than 42 days after the trial court lost jurisdiction to grant a new trial as to its September 17, 2013, final judgment and is, therefore, untimely under Rule 4(a)(1), Ala. R.App. P. Similarly, the notices of appeal filed on March 28, 2014, by the employee, in which he challenged the trial court’s judgment in favor of Gross, and by the employer, in which it challenged the trial court’s limitations upon its participation .in' the jury - trial, were filed neither within 42 days after the employee’s postjudgment motion was denied by operation of law so as to be timely under Rule 4(a)(1), Ala. R.App. P., nor within 14 days of any timely notice of appeal by any other party, so as to constitute timely cross-appeals under Rule 4(a)(2), Ala. R.App. P. Because Rule 2(a)(1), Ala. R.App. P., requires the dismissal of an appeal “if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court,” and because none of the notices of appeal in this case was timely filed, the case is dismissed in its entirety.
APPEALS DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. The record indicates that the employee withdrew his wantonriess claim, and the trial court instructed the jury regarding the elements of only a negligence claim.

. Alabama Code 1975, § 41-22-20(h), provides that a petition for judicial review of an administrative decision rendered by a state agency “shall name the agency as [a] respondent” ;

. Because the postjudgment motion was denied by operation of law, -the trial court’s February 3, 2014, order purporting to grant the postjudgment motion and to order a new trial as to the employee’s claims against Gross and Fulghum was a nullity. See, e,g., Brown v. Brown, 808 So.2d 40, 42 (Ala.Civ.App. 2001).