MOORE, Judge, dissenting.
On March 3, 2016, the Shelby Juvenile Court ("the juvenile court") entered its final judgments terminating the parental rights of K.R. ("the mother") to her two minor children. The mother filed a timely postjudgment motion in the actions on March 17, 2016. On March 29, 2016, the juvenile court entered an order, applicable to both actions, stating: "Motion to Alter, Amend or Vacate filed by the mother is hereby specifically set for hearing on April 8, 2016 at 8:30 a.m." After that hearing, on April 8, 2016, the juvenile court entered an order, applicable to both actions, purporting to grant the postjudgment motion in part and to deny the postjudgment motion in part. The mother filed a notice of appeal seven days later, on April 15, 2016.
According to Rule 1(B), Ala. R. Juv. P., a postjudgment motion filed in a juvenile-court proceeding can remain pending for only 14 days, at which point it will be denied by operation of law, unless, within that 14-day period, the time allowed for the postjudgment motion to remain pending has been extended:
"(1) By written order of the juvenile court on its own motion, or upon motion of a party for good cause shown, for not more than 14 additional days; or
"(2) Upon the express written consent of all the parties, which consent shall appear of record; or
"(3) By the appellate court to which an appeal of the judgment would lie."
(Emphasis added.) In these cases, the juvenile court entered a written order within the 14-day period in which the mother's postjudgment motion could remain pending, but the written order stated only that the hearing on the postjudgment motion would take place after the initial 14-day period had expired. The written order did not specifically provide that the juvenile court intended to extend the time that the postjudgment motion could remain pending.
Rule 1(B)(2) and (3), Ala. R. Juv. P., follows Rule 59.1, Ala. R. Civ. P., which allows the parties and the appellate court to extend the time in which a postjudgment motion may remain pending. In regard to an agreement of the parties to extend the time that a postjudgment motion may remain pending, the appellate courts of this state have consistently held that an agreement by the parties to continue a hearing on a postjudgment motion does not equate to an agreement to extend the time a postjudgment motion can remain pending under Rule 59.1, Ala. R. Civ. P. See Ex parte Bolen, 915 So.2d 565, 569 (Ala. 2005) (explaining that Rule 59.1 has been construed consistently since at least 1979). However, I cannot locate any cases construing Rule 1(B)(1), Ala. R. Juv. P., in the same manner.
In K.T. v. B.C., 232 So.3d 897 (Ala. Civ. App. 2017), this court held that a juvenile court can, by written order, extend the time for ruling on a postjudgment motion by entering a written order granting itself *667 additional time to rule on the merits of the motion and by scheduling a subsequent hearing for that purpose, so long as the ruling on the motion takes place within the additional 14-day period provided by Rule 1(B)(1). In these cases, the juvenile court, in substance, scheduled a hearing within the additional 14-day period allowed in Rule 1(B)(1) in order to determine the merits of the mother's postjudgment motion. The juvenile court's order communicated that it was extending the time to rule on the postjudgment motion. Although the juvenile court did not expressly state as much, its order clearly implied that it was planning to hear arguments regarding the postjudgment motion and to rule upon the motion following those arguments, which it did, after the postjudgment motion otherwise would have been denied by operation of law. The juvenile court is presumed to know and apply the law. See Ex parte Slaton, 680 So.2d 909 (Ala. 1996). If we were to interpret the written order as scheduling a hearing after the juvenile court lost jurisdiction, we would be presuming that the juvenile court either was ignorant of Rule 1(B)(1) or that it intentionally acted in contravention of the law.
Furthermore, in a Rule 59.1 situation, the parties must place on the record their agreement to extend the time that a postjudgment motion can remain pending. The contents of that agreement are wholly within the power of the parties. In a Rule 1(B)(1) situation, the parties have no control over the content of the written order issued by the juvenile court. Presumably, a party could seek clarification of such an order, but the party does not have any input into its original wording. Given those circumstances, the rule should be liberally construed in a manner different from the manner in which Rule 59.1 has been construed so that a written order scheduling a hearing within the additional 14-day period provided by Rule 1(B)(1) should be considered as extending the time in which the postjudgment motion can remain pending unless the context of the order clearly indicates otherwise.
Finally, the Alabama Rules of Civil Procedure and the Alabama Rules of Juvenile Procedure should be not be construed in such a manner that it creates a trap for an unwary attorney. Kissic v. Liberty Nat'l Life Ins. Co., 641 So.2d 250, 252 (Ala. 1994). The manner in which the appellate courts have construed Rule 59.1 has certainly ensnared many an appellant who, in reliance on an agreement to extend the time for a hearing on a postjudgment motion, has failed to timely file a notice of appeal, leading many supreme court justices and judges of this court to question the justness of that construction. See Harrison v. Alabama Power Co., 371 So.2d 19, 21 (Ala. 1979) (Maddox, J., dissenting); State v. Redtop Mkt., Inc., 937 So.2d 1013, 1015-17 (Ala. 2006) (in which Nabers, C.J., and Stuart and Bolin, JJ., all expressed that the overly technical construction of Rule 59.1 should be overruled); Traylor v. Traylor, 976 So.2d 447, 450 (Ala. Civ. App. 2007) (Bryan, J., concurring in result, joined by Thomas, J., stating that an agreement to extend the time to hold a hearing should be considered an agreement to extend the time that a postjudgment motion can remain pending). I believe that, in a proper setting, the supreme court would overrule the line of cases that have construed Rule 59.1 so strictly. Therefore, in my opinion, this court should not construe Rule 1(B)(1) in the narrow manner that has led to so many unjust results under Rule 59.1 and I believe that would likely be overruled by the supreme court on certiorari review in light of its experience with Rule 59.1.
Construing Rule 1(B)(1) correctly, the juvenile court in this case properly extended *668 the time for ruling on the postjudgment motion so that it was not denied by operation of law on March 31, 2016, as the main opinion concludes. 238 So.3d at 665. The juvenile court entered a valid order on April 8, 2016, within the extended 14-day period afforded by Rule 1(B)(1). That order concluded the proceedings.[2] The mother filed her notice of appeal on April 15, 2016, less than 14 days later. See Rule 28(C), Ala. R. Juv. P. ("Written notice of appeal shall be filed within 14 days of the date of the entry of order or judgment appealed from, whether the appeal is to an appellate court or to the circuit court for trial de novo."). This court has jurisdiction over the appeal because the mother provided an adequate record for review. See Rule 28(A)(1)(c), Ala. R. Juv. P. Therefore, I respectfully dissent from the decision to dismiss the appeal.
Donaldson, J., concurs.

Although the juvenile court referred to an adoption action and indicated that the adoption action had been consolidated with the termination-of-parental-rights actions, the juvenile court has informed this court that no consolidation order had ever been entered. Thus, as the main opinion holds, 238 So.3d at 665, the rule from Hanner v. Metro Bank & Protective Life Insurance Co., 952 So.2d 1056 (Ala. 2006), does not apply.