Rel: February 27, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0401

_____

## Savannah Michele McCartha

### v.

## Destini Love Duren

## Appeal from Dale Circuit Court
## (DR-23-900135)

HANSON, Judge.

Savannah Michele McCartha appeals from a judgment entered by the Dale Circuit Court ("the trial court") divorcing her from Destini Love Duren.

Procedural History

On August 1, 2023, McCartha filed a complaint seeking a divorce from Duren, alleging incompatibility of temperament. On September 15, 2023, Duren filed an answer and a counterclaim for a divorce. On August 21, 2024, the trial court entered a final judgment divorcing the parties. On September 19, 2024, McCartha filed a motion to alter, amend, or vacate the judgment, requesting a hearing on the motion. The trial court scheduled a hearing for October 2, 2024, at 10:00 a.m.

On September 25, 2024, Duren filed a motion to continue the hearing because her counsel had another hearing set for the same time on October 2, 2024. That same day, the trial court reset the hearing for 1:00 p.m. on October 2, 2024. Also on September 25, 2024, Duren filed a response to McCartha's postjudgment motion. On October 1, 2024, McCartha filed the following motion to continue, stating:

> "1. [McCartha] requests continuance due to an unexpected death in the family;
>
> "2. Opposing attorney has no objection and is in agreement to continuance; and
>
> "3. That the foregoing motion to continue is not meant to unduly prejudice the opposing party/counsel and/or hinder, prolong, or otherwise delay the finalization of the above style proceeding."

On October 2, 2024, the trial court entered the following order:

"The motion to continue filed in this action, indicating the parties agree to continue the hearing on the motion for new trial, by agreement, beyond the time limit for same, if necessary, is hereby granted. Hearing in this matter is continued to November 6, 2024, at 11:30 a.m."

On October 30, 2024, McCartha filed her second motion to continue, stating:

"Comes now the undersigned attorney for [McCartha] and moves this honorable court to continue this case set for hearing on November 6, 2024, at 11:30 a.m., and as reason therefore states as follows:

"1. That the undersigned has (3) bankruptcy hearings to be held at the Dothan Federal Courthouse beginning at 10:00 a.m. and lasting until lunch or later on the same date and time;

"2. That the foregoing motion to continue is not meant to unduly prejudice the opposing party/counsel and/or hinder, prolong, or otherwise delay the finalization of the above style proceeding."

On October 31, 2024, the trial court entered an order stating: "The motion to continue filed by [McCartha] is hereby granted. Hearing on motion for new trial is continued to November 13, 2024, at 11:30 a.m."

On November 11, 2024, Duren filed a motion to continue, stating:

"Comes now the undersigned attorney for [Duren] and hereby moves this honorable court to continue the hearing for the motion to alter, vacate or amend in the above-styled cause currently set for November 13, 2024, and further states as follows:

"1. That the undersigned has a final hearing in case 34-DR-2017-900010 set with six witnesses subpoenaed.

"2. That Judge Filmore has stated no more continuance[s] will be allowed in said case.

"3. That the undersigned has conferred with ... counsel for [McCartha], and he has no objection to said continuance.

"4. That the undersigned and the counsel for [McCartha] have agreed ... for the hearing [o]n the motion to alter, vacate or amend to be held outside the time allowed by Alabama Rules of Civil Procedure, should the need be."

On November 12, 2024, the trial court entered an order granting Duren's motion to continue and rescheduled the hearing on the postjudgment motion for December 18, 2024. On December 16, 2024, counsel for McCartha filed a motion to continue, stating:

"Comes now the undersigned attorney for [McCartha] and moves this honorable court to continue this case set for hearing on December 18, 2024, at 10:00 a.m., and as reason therefore states as follows:

"1. That due to unforeseen circumstances, the undersigned has an obligation that he cannot get out of by set time for hearing;

"2. That attorney for [Duren] has no objection to continuing said case to another date; and

"3. That the foregoing motion to continue is not meant to unduly prejudice the opposing party/counsel and/or hinder,

4

prolong, or otherwise delay the finalization of the above style proceeding."

On December 16, 2024, the trial court entered an order granting the motion to continue and rescheduled the hearing for January 6, 2025. On December 30, 2024, Duren's counsel filed a motion to continue, stating:

> "Comes now the undersigned attorney for [Duren] and hereby moves this honorable court to continue the hearing for the motion to alter, vacate or amend in the above-styled cause currently set for January 6, 2024, and further states as follows:
>
> "1. That the undersigned has a criminal jury trial in case 71-CC-DR-2024-117 set for that day.
>
> "2. That the undersigned has conferred with … counsel for [McCartha], and he has no objection to said continuance.
>
> "3. That the undersigned and the counsel for [McCartha] have agreed … for the hearing [o]n the motion to alter, vacate or amend to be held outside the time allowed by Alabama Rules of Civil Procedure.
>
> "Wherefore, premises considered [Duren] prays that this honorable court will issue an order continuing the hearing in the above-styled cause until another day that is convenient to this court."

On December 30, 2024, the trial court entered an order granting the motion to continue, stating that the hearing "is hereby continued by agreement to February 18, 2025."

5

On February 10, 2025, Duren's counsel filed a motion to continue, stating:

"Come now the defendant, ... Duren, by and through her undersigned counsel, ... and files this motion to continue in the above-styled cause and in support thereof states as follows:

"1. That the above-styled cause is set for hearing on February 18, 2025.

"2. That the undersigned is counsel for the defendant in a capital murder trial set to begin on February 18, 2025, in Barbour County in case CC-21-229, with the Honorable Judge Burt Smithart presiding.

"Wherefore the premises considered, [Duren] prays this honorable court will continue the hearing in the above-styled case currently set for February 18, 2025, until another date convenient for this court."

On February 10, 2025, the trial court entered an order granting Duren's motion to continue and rescheduled the hearing on the postjudgment motion for March 25, 2025. On March 18, 2025, Duren's counsel filed a motion to continue, stating:

"Come now the undersigned counsel, ... and files this motion to continue in the above-styled cause and in support thereof states as follows:

"1. That the above-styled cause is set for hearing on March 24, 2025.

6

"2. That the undersigned has a capital murder trial in Barbour County case CC-21-229 that has been rescheduled to start that day.

"Wherefore the premises considered, [Duren] prays this honorable court will continue the hearing in the above-styled case currently set for March 24, 2025, until another date convenient for this court."[1]

On March 18, 2025, the trial court entered an order granting the motion to continue and rescheduled the hearing on the postjudgment motion for April 22, 2025.

On April 22, 2025, the trial court entered the following order:

"Upon review, final judgment was issued on August 21, 2024. The motion to alter, amend or vacate was filed September 19, 2024. Hearing was set October 2, 2024. Such was thereafter, continued by agreement to November 6, 2024. Such was continued to November 13, 2024; however, such continuance was not by agreement on the record. Accordingly, this matter has been denied by operation of law.

"The hearing set this date is hereby cancelled as moot."

On June 2, 2025, McCartha filed a notice of appeal. On July 7, 2025, this court ordered the parties to file letter briefs addressing whether

---

[1]The motion to continue was filed in case number DR-23-900135, the case number assigned to the divorce action, although the style of the case listed on the motion is incorrect. Additionally, the motion sets out the incorrect date for the hearing on the postjudgment motion: March 24, 2025. The hearing was scheduled for March 25, 2025, and Duren's counsel's death-penalty trial was set to begin on March 24, 2025.

McCartha's appeal was timely.

Discussion

The issue is whether the time for the trial court to rule on the postjudgment motion was extended by an express agreement of the parties under Rule 59.1, Ala. R. Civ. P.

McCartha's September 19, 2024, postjudgment motion could not remain pending in the trial court for more than 90 days <u>unless</u> the time for ruling on the motion was properly and timely extended pursuant to Rule 59.1. If the time for ruling on the motion was not properly extended, McCartha's postjudgment motion was denied by the operation of law on December 18, 2024, because no ruling was rendered by the trial court disposing of the motion on or before that date, and the time for filing her notice of appeal was due 42 days later, on or before January 29, 2025. Rule 4(a)(3), Ala. R. App. P.

In <u>Ex parte Bodenhamer</u>, 904 So. 2d 294 (Ala. 2004), a party filed a motion asking the trial court to extend the time for ruling on that party's postjudgment motion. Attached to the motion was a letter from counsel for the opposing party that stated: "'I agree to extend the ninety (90) day period for the <u>hearing</u> on your motion in the above-referenced matter.'"

904 So. 2d at 295. The trial court entered an order "grant[ing]" the motion "'until such time as the court may set the same for a hearing and may thereafter be ruled upon by the court.'" Id. The trial court later entered a ruling on the postjudgment motion more than 90 days after it had been filed. A notice of appeal was filed within 42 days of the ruling on the postjudgment motion, but beyond the time for filing a notice of appeal if the time for a ruling had not been properly extended under Rule 59.1. The supreme court dismissed the appeal as untimely because the parties had consented only to extending the time for a hearing on the postjudgment motion and that extension did not equate to consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed in former Rule 59.1.

In Slay v. Slay, 292 So. 3d 651 (Ala. Civ. App. 2019), this court, following Ex parte Bodenhamer, supra, concluded that the parties had not properly extended the 90-day period provided in Rule 59.1. In Slay, the parties filed a joint motion to "'delay'" the hearing date "'pursuant to Rule 59.1.'" 292 So. 3d at 652. The parties did not state that they expressly consented to extending the time for the trial court to rule on

9

the postjudgment motion. This court noted that the interpretation of Rule 59.1 had been criticized.

In 2020, after <u>Bodenhamer</u> and <u>Slay</u> were decided, Rule 59.1 was amended to provide as follows:

> "No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. <u>Consent to extend the time for a hearing on the postjudgment motion beyond the 90 days is deemed to include consent to extend the time for the trial court to rule on and dispose of the postjudgment motion.</u> A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."

(Emphasis added.)

The first motion to continue filed by McCartha, which she filed on October 1, 2024, states that the opposing counsel has no objection and agrees to a continuance. That motion states that there was an express agreement; however, it does not state that the agreement was to extend the period for the trial court to rule and dispose of the postjudgment motion beyond the 90-day period prescribed in Rule 59.1. Because the motion does not reflect an agreement to extend the time to rule on the

postjudgment motion beyond the 90 days prescribed in Rule 59.1, the motion failed to extend the time to rule on the postjudgment motion.

In its responsive order entered on October 2, 2024, the trial court granted the motion to continue, indicating that the parties had agreed to continue the hearing on the postjudgment motion, "by agreement, beyond the time limit for same, if necessary." The trial court rescheduled the hearing to November 6, 2024.

On October 30, 2024, McCartha filed her second motion to continue. That motion did not indicate that there was an agreement by opposing counsel. On October 31, 2024, the trial court entered an order granting the motion to continue and rescheduled the hearing for November 13, 2024.

On November 11, 2024, Duren filed a motion to continue, which stated the parties had agreed to a hearing on the postjudgment motion "to be held outside the time allowed by Alabama Rules of Civil Procedure, should the need be." That motion to continue satisfied the requirement of Rule 59.1 that there be "express consent of all the parties, which consent shall appear of record," and the parties' consent to extend the period in which to conduct the hearing included their consent to extend

the time for the trial court to rule on and dispose of the postjudgment motion. See Simmons v. Cook, 254 So. 3d 899 (Ala. Civ. App. 2017) (holding that the language in the motion to continue constituted an express agreement under Rule 59.1 when the movant stated in the motion that the opposing party had no objection to the continuance of the hearing and that the movant consented to the continuance and waived the right to raise Rule 59.1 as procedural bar). The trial court's order responding to the November 11, 2024, motion to continue granted the motion and rescheduled the hearing for December 18, 2024. December 18, 2024, was the 90th day after the date McCartha filed her postjudgment motion, so that particular order did not extend the time beyond the 90 days; however, as noted earlier, the November 11, 2024, motion to continue provided that the parties had agreed to extend the time to hold a hearing on the postjudgment motion -- and, by extension, had agreed to extend the time for the trial court to rule on the postjudgment motion -- beyond the time "allowed by the Alabama Rules of Civil Procedure" if needed.

What followed were multiple motions to continue from both parties, which the trial court continued to grant until April 22, 2025, when the

trial court canceled the hearing scheduled for that date, stating that the postjudgment motion had been denied by operation of law. The trial court's order, however, did not state the date on which the postjudgment motion had been denied by operation of law.

It appears that in the November 11, 2024, motion to continue, the parties agreed to continue the time for ruling on the postjudgment motion past the 90 days prescribed in Rule 59.1. After the filing of that motion, which included the parties' agreement, the trial court had the authority to continue the time for ruling on the postjudgment motion "for good cause" under Rule 59.1. Each subsequent motion to continue filed by the parties contained reasons that amounted to good cause. It appears that none of those subsequent motions to continue were made in bad faith or in an effort to delay the judgment or prejudice the parties. The trial court had the authority to continue the time for ruling on the postjudgment motion under Rule 59.1.

The trial court noted in its April 22, 2025, order that the hearing that had been rescheduled for November 13, 2024, "was not by agreement on the record," presumably because the rescheduled hearing was entered in response to the October 30, 2024, motion to continue, which, as noted

13

earlier, did not indicate that there was no agreement by opposing counsel. However, such an interpretation ignores the November 11, 2024, motion to continue. It appears that the trial court erroneously applied the 90-day provision in Rule 59.1 without acknowledging that the November 11, 2024, motion to continue acted as an agreement on the record to extend the time for ruling on the postjudgment motion.

In Smith v. Smith, 991 So. 2d 752 (Ala. Civ. App. 2008), a circuit court entered a final judgment divorcing the parties on January 30, 2007. On March 1, 2007, the husband had filed a postjudgment motion. The day before the 90-day period expired, the parties filed a joint motion under Rule 59.1 to extend the circuit court's time to rule on the postjudgment motion to June 8, 2007. On June 8, 2007, the parties again filed a joint motion requesting an extension of the time for the circuit court to rule on the husband's postjudgment motion. The parties stated that they had agreed to an extension of time for the circuit court to hold a hearing and rule on the pending postjudgment motion to July 12, 2007. The circuit court granted that extension. The record showed that the husband's postjudgment motion was heard on July 9, 2007, and that the circuit court entered an order purporting to deny it on July 30, 2007. The

14

husband appealed, and this court held that the husband's appeal was untimely because the parties had agreed to extend the time to address the postjudgment motion only to July 12, 2007. In a special concurrence, Judge Pittman wrote:

> "I concur in the main opinion. Had the parties' June 8, 2007, motion sought an open-ended extension of time for the trial court to rule on the husband's postjudgment motion, rather than merely an extension to a date certain (i.e., July 12, 2007), the trial court would have had the discretion to grant such a motion for good cause. See Crowder v. Zoning Bd. of Adjustment of Birmingham, 409 So. 2d 837, 838 (Ala. Civ. App. 1981). However, because the parties sought and were granted more limited relief from the operation of Rule 59.1, Ala. R. Civ. P., the postjudgment motion was denied by operation of law as of July 12, 2007, the date specified in the motion for an extension, because the trial court did not expressly rule on the husband's postjudgment motion on or before that date."

Smith, 991 So. 2d at 754 (Pittman, J., concurring specially).

In the present case, the parties agreed, on the record, to a continuance of the time for ruling on the postjudgment motion. The trial court had the authority to grant the subsequent motions to continue filed by both parties based on good cause. Accordingly, the trial court erred in concluding that the postjudgment motion had been denied by operation of law. The judgment of the trial court is reversed, and the cause is

15

remanded for the trial court to hold a hearing and rule on the postjudgment motion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Fridy and Bowden, JJ., concur.

Edwards, J., concurs in the result, without opinion.